## J. M. FOSTER AND OTHERS v. THE STATE.

One of the requisites prescribed by article 264 of the Code of Criminal Procedure, of a sufficient bail bond, is, that the offence of which the defendant is accused must be distinctly named in the bond, and that it appear therefrom that he is accused of some offence against the laws of the State.

It is not sufficient, that some offence known to the laws of the State be named in the bond; the offence must be that of which the defendant stands charged in the indictment. Nor is it sufficient to use in the bond general terms, which, in legal classification, may include the offence with which the defendant stands charged.

Where the defendant was indicted for an aggravated assault, and the offence named in the bail bond was assault and battery, it was *held*, that the bail bond was insufficient.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

The defendant, J. M. Foster, was indicted for an aggravated assault. The offence named in the bail bond was assault and battery. The bond was forfeited; *scire facias* issued; judgment final rendered againt the defendant and his sureties, who prosecuted their writ of error.

*Stewart*, for plaintiff in error.

*Attorney-General*, for defendant in error.

MOORE, J.—One of the requisites prescribed by article 264 of the Code of Criminal Procedure, of a sufficient bail bond, is, that the offence of which the defendant is accused must be distinctly named in the bond, and that it appear therefrom that he is accused of some offence against the laws of the State. It is not sufficient, if some offence known to the laws of the State be named in the bond. The offence named must be that of which the defendant stands charged by the indictment. In this case, the defendant was indicted for an aggravated assault, but the offence named in the bail bond upon which the forfeiture is taken, is an

Foster v. The State.

assault and battery. The Penal Code, in the classification of offences against the persons of individuals, includes, under the general head or division of assault and battery, every act of unlawful violence upon the person of another; and in this sense, it embraces equally, simple assaults, aggravated assaults, and assaults with intent to commit some other offence. But in the definition of these offences, we find that the terms "simple assault" and "assault and battery," are used as synonymous. (Penal Code, article 487.) They were, no doubt, thus used in the bail bond upon which the forfeiture in this case was taken; and if they were used in any other sense, it was improper. The article of the Code of Criminal Procedure to which we have referred, most assuredly does not contemplate that the mere use in the bail bond of general terms, which, in legal classification, may include the offence with which the defendant stands charged, will be sufficient. The object of the law is, that the parties to the bond may know the offence to which the defendant is required to appear and answer, not that they may be advised simply of the class of offences to which it belongs. The principle involved in this question, it is believed by the senior members of the court, has been heretofore recognized in some of its decisions not yet reported, in which it has been held, that, by the Penal Code, assaults and batteries and aggravated assaults were made distinct offences.

The judgment is reversed, and the *scire facias* dismissed.

Reversed and dismissed.