WILLIAM ALLEN, ADMINISTRATOR v. JOSIAH TRAYLOR.

Where there was a mere clerical error in the writ, which might have been amended, but the defendant was silent in the court below and permitted judgment to go by default, he cannot be heard to urge the mistake in the court above.

He who was silent in the court below, where he ought to have spoken, and has thus permitted the opportunity of making his defense to pass, ought not to be first heard in this court.

ERROR from Jasper. The case was tried before Hon. SAMUEL A. WILSON, one of the district judges.

The facts are sufficiently stated in the opinion of the court.

No briefs have been furnished to the *Reporter*.

MORRILL, C. J.—Petition was filed March 7, 1867. Process thereon was dated February 8, 1867, and issued March 8, 1867; came to the hands of the sheriff March 18, and executed the 21st of the same month. Judgment by default April 5.

The cause has been brought to this court by error, and the errors assigned are—

1. Defendant had no legal notice.

2. The citation was not directed in the manner prescribed by law.

3. The citation was issued before the petition was filed.

4. The citation was tested, issued, dated, signed, and sealed on February 8, 1867, and the petition was not filed till March 7, 1867.

We have examined the record, and the only irregularity is, that the clerk, after receiving and filing the petition on March 7, prepared the original process, which he dated February 8, but issued it on March 8. The clerical mistake is evident, for we cannot suppose a party could have any inducement to get a citation to be made, signed, and

dated a month before it was designed to be used or was used.

But even if it were doubtful that there was a mistake, and, to go one step further, admitting that it was dated properly, as it was not issued from the office until the day after the petition was filed, it was not such an irregularity as could not be cured by an amendment, had the attention of the district court been called to it.

We repeat what this court has said in similar cases: "He who was silent in the court below, where he ought to have spoken, and has thus permitted the opportunity of making his defense to pass by, ought not to be first heard in this court." (Hopkins v. Donoho, 4 Tex., 338.)

JUDGMENT AFFIRMED.