## BARRERA'S SURETIES V. THE STATE.

1—A bail bond, which was taken before indictment, and which in the recital part designates the charge against the prisoner as an "assault with intent to murder," and in the subsequent part of the condition as an "assault with intent to kill," sufficiently describes an offense against the laws of this State, to-wit: the offense of "assault." The superadded words, "with intent," etc., may be regarded as surplusage, and do not vitiate the bond; nor will such a bail bond be held invalid because the prisoner, after giving the bail, was indicted, not for a simple assault, but for an assault with intent to kill and murder.

2—The rulings in Foster v. The State (27 Tex., 236), requiring the description of the offense in a bail bond to correspond exactly with that charged in the indictment, must be understood as applicable and limited to bail bonds and recognizances taken after indictment found.

3—In bail bonds or recognizances taken before indictment found, all that should be required in this respect is, that they describe in plain language some offense known to the law.

4—The fact that no forfeiture was taken on a bail bond at the first term when default was made is a circumstance of no legal consequence, and can not in any way avail the obligors in the bond.

5—*Scire facias* on a forfeited bail bond or recognizance is not in any sense a criminal proceeding; it is to all intents a civil suit.

APPEAL from Nueces. Tried below before the Hon. J. B. Hurd.

The facts are clearly shown in the opinion.

*Lovenskiold & McCampbell*, for the appellants.—1. The bail bond is *not* in conformity with the statute, and is void. It was taken and approved by the district judge, in chambers, during vacation, for the enlargement of a prisoner then in jail, in the custody of the sheriff, after a regular commitment by a magistrate, in default of bail. But it is contended that the sheriff is the *only* proper officer authorized by law, in such case, to accept and approve of such bail bond. Again, the said bond binds the principal and sureties, *jointly and severally*, in the full sum fixed by the court, and this is not in accordance

with the order or fiat of the court that fixed said bail, and, therefore, is more *onerous* than by said court required and directed. (Paschal's Digest, Arts. 2757, 2743, 2748, 2627, 2629, 2527, 2761, 2747, 2625, 2628, 2635, 2526 ; Barringer v. The State, 27 Tex. R., 553.)

2. The bail bond does not *distinctly* name either an offense known to the Criminal Code, or the offense with which the principal, Barrera, stood charged, and, therefore, is insufficient to support a judgment of forfeiture. It names. " *an assault with intent to kill,*" but this is *not* an offense known to the law. The words " with intent to kill," may be considered as surplusage and be stricken out, and, then, it is true, that said bond names *an offense* under the law, as charged against Barrera therein—" *an assault.*" But, by reference to the indictment preferred and filed against said Barrera, it is apparent that the offense therein named, to-wit : " *an assault with intent to kill and murder,*" such offense is *not* distinctly named in the bail bond. The former names a grave felony ; the latter, simply a misdemeanor. " It is not sufficient if *some* offense known to the laws of the State be named in the bond ;" the offense named must be that of which the defendant stands charged by the indictment. (Foster v. The State, 27 Texas, 236 ; Paschal's Digest, Art. 2732.)

3. The bail bond, by its obligations, bound appellants to produce the principal, Barrera, in fact and in law, at the next term of the Nueces county District Court, to answer the charge of " an assault," simply, if presented to. said court for such offense, by indictment or through information. The State has failed to show that any such indictment or information was filed against said principal, either at the said term of court or at any subsequent one ; nor is any such in existence. Hence, it is contended that said bond, after the next term of the court aforesaid succeeding the commitment to jail of the accused, Barrera, became and was null and of no force and effect, by operation of law. True, said Barrera was indicted for " *an assault with intent to kill and murder Jesus Rodriguez,*" and

it would seem that the State contends that, under the bail bond aforesaid, the appellants were bound to produce their principal to answer this indictment, charging him with an offense of a different class, of a higher grade, and of a much more serious and more aggravated character than the one named in the bond. It is submitted that, with as much reason and justice, might the appellants, as sureties in said bond, have been called upon to respond, under said bond, for the non-appearance of their said principal, if he had been indicted for "murder" or for "arson," or for "burglary," and failed to answer and stand his trial. (Wilson v. The State, 25 Texas, 169; Foster v. The State, 27 Texas, 236; W. H. Bennett v. The State, 27 Texas, 701; Code of Criminal Procedure, Arts. 537, 264.)

4. The bail bond was based upon the judgment or order of the judge of the fourteenth judicial district of the State, sitting in chambers, during vacation, on *habeas corpus*, and said judgment or order *alone* authorized the taking of said bond and created the same. It is contended that by virtue of, and under said judgment, or order, appellants, as sureties in said bond, bound themselves *solely* to produce their principal to answer the charge of "*an assault with intent to kill*" and not any other or more serious or aggravated offense. True it is, that said bond recites that the principal had been committed to jail by a justice of the peace on the charge of "*an assault with intent to murder*," but if this recital is to be taken as controlling the obligations in the bond, then it is submitted that there is *a variance* between the offense named by the district judge in his judgment on *habeas corpus*, reviewing the decision of the inferior court of said justice, and that named in the bond under said controlling recital, which variance must vitiate said bond, as being contrary to the statute.

5. The judgment *nisi* is summary, and the law allowing it must be construed strictly. No act prescribed by it, to be done as a prerequisite, must be inferred or presumed as done. The present judgment *nisi* does *not* recite that the names of the defendant and his sureties were called *distinctly* at the door

of the court house, nor that a *reasonable time* elapsed before taking and entering up such judgment; and it fails to state "that the said judgment will be made final," etc.   (Pas. Dig., Art. 2880.)   Certainly the court will not infer or presume that the requirements of the law, in a crimincl case, were complied with.   As well, it seems, might a court take it for granted, by inference, that in an indictment which omitted to recite that the grand jury were selected, tried, impanneled and sworn, these requirements of the Code had been fully complied with, and the recital of the facts unnecessary, and thus hold such indictment " good " in law.

6. The *scire facias*, on its face, does not show a good cause of action.   It neither shows that Barrera was indicted for an offense, nor does it allege that there was any criminal accusation pending against him, nor assert that at the time of the rendition of the judgment *nisi* the court had any right to call said Barrera or these appellants.   (The State v. Wm. E. Cox and others, 25 Texas, 404; Quincy Davidson and others v. The State, 20 Texas, 649; Dyches and another v. The State, 24 Texas, 266.)

7. The bail bond bound the appellants at a certain time of the court to produce the principal, Barrera, to answer a certain and distinctly named offense, a *misdemeanor*, in the manner pointed out by law.   It was incumbent on the State to have proven by the records of the court that said Barrera was indicted or held by information for an offense classed as a misdemeanor, or for the identical one named in the bail bond. But, to support a judgment final of forfeiture against the appellants, the State introduced in evidence an indictment against said Barrera, charging him with a felony—that of " *an assault with intent to kill and murder Jesus Rodriguez*," an offense *not* named in said bail bond, and of a much higher grade than the one named therein; and the production of this indictment excluded every presumption as to the existence of any other indictment adduced in support of the judgment final against said Barrera, that named an offense of the class speci-

fied in the bail bond.  Thus the indictment adduced in sup-
port of the judgment final against these appellants, was not
responsive to the issue raised by the State in or through the
*scire facias*, and was irrelevant.

8. The final judgment is more onerous than the conditions of
the bail bond, or the order of the court fixing the bail imposed
upon the appellants, and according to and under which they
bound themselves.  It is against the principal and his two
sureties, the appellants, and orders execution to issue against
the said appellants and their principal, severally.  (Barringer
v. The State, 27 Tex., 553.)

From the foregoing premises, the conclusions follow that the
honorable district court erred in its several rulings, and ought
to have sustained the demurrer and several exceptions of these
appellants.

The court is especially invited to (6th) error assigned (p. 35,
trans.,) as, also, special exception 1st (p. 12, trans.)   The court
will see by inspection of the finding of the court on hearing
on writ of *habeas corpus*, (p. 4, trans.,) as, also, by the bail
bond, (pp. 5 and 6, trans.,) that the principal, Barrera, was
not found guilty of assaulting *any person*, nor bound over to
answer for an assault *on any person*, nor did *he* or his *sureties*
*bind themselves* to appear and answer to *the* charge of an
assault *on any person*.  It is true Barrera is bound to answer
the charge of an " assault with intent to kill."   We are not
informed by the bond and committal, whether to kill man,
witch or ghost.   (Cited Paschal's Dig., Arts. 2137, 2155.)

No brief for the State has come to the hands of the Reporter.

WALKER, J.—The appellants became sureties for Benito
Barrera on a bail bond taken by the district judge of the four-
teenth judicial district, under a proceeding in *habeas corpus*.
The penalty of the bond was five thousand dollars, and it was
dated July 9th, 1868.   At the following term of the District
Court for Nueces county, the grand jury found an indictment
against Barrera, the principal in the bond, charging him with

an assault with intent to murder, committed on the body of one Jesus Rodriguez. The record does not show that the principal was present at the Fall term of the court, nor does it appear that any forfeiture was taken; but at the Spring term of the court for the year 1869, the bond was forfeited, and a judgment *nisi* entered against the appellants as sureties, in the full penalty of the bond. *Scire facias* issued to the appellants, and at the Fall term of the court the judgment was made final; and from this judgment an appeal is taken to this court.

Numerous exceptions are taken to the sufficiency of the bail bond and the proceedings thereon, presenting questions of some difficulty. The appeal is supported by a very able brief and argument. The judgment was taken against Barrera and his sureties in the sum of $5000, the penalty of the bond. Previous to the trial, the defendants filed a general demurrer and exceptions, and also answered. On the trial the court overruled the demurrer and exceptions, to which the appellants excepted. Exception was taken to the judgment; a motion for a new trial was made and overruled, and exception taken; a motion in arrest of judgment was made and overruled, and the ruling was excepted to, and notice of appeal given.

Although the questions here raised are multifarious, we think they are all settled, either by statute or by decisions in our own State. The appellants based their main defense below upon the insufficiency of the bail bond. The bond describes an offense against the penal laws of Texas; and though unnecessary words are used in the bond, which, all considered, it is claimed, describe an offense not known to our law, and therefore rendered the bond void, yet, we think, the case comes clearly within the rule of Williford v. The State, 17 Tex., 657, and subsequent decisions to the effect that superadded words do not vitiate a recognizance, but are only surplusage.

But it is contended that rejecting the words " with intent to kill," in the bond, leaves only the description of an offense for which the principal was not subsequently indicted. (See Wilson v. The State, 25 Tex., 170.)

We are referred to the case of Foster and others v. The State, 27 Tex., 236, and this case is one which confines the description of the offense in the bond to an exact correspondence with the offense named in the indictment. Yet, we must draw a line of distinction between the strictness which should be required in a bond or recognizance taken after indictment found, and that which should be required of sheriffs and justices in taking such instruments before indictment found. The same being required in both cases would operate to discharge one-half the bonds and recognizances taken by committing magistrates. The justice of the peace would be required to predetermine the name of the offense, and the character of the indictment which the district attorney must frame and the grand jury find on their subsequent examinations. To do this, we say, would be to defeat the ends of justice in perhaps one-half the cases which would arise under our criminal laws. Wherefore, while we leave the doctrine of Foster v. The State undisturbed in its application to bonds and recognizances taken after indictment, we hold that all that should be required in bonds and recognizances, taken before indictment, is that they shall, in plain language, describe some offense known to our law.

But in the case at bar, a close examination of the bail bond executed, approved by the judge, and filed July 9th, 1868, will show that it is quite a sufficient bond, and recites the very offense for which the principal, Benito Barrera, was, at the following term of the District Court, indicted; and is, therefore, a good bond.

The non-forfeiture of the bond, at the first term of the court could make no difference in fact to appellants, and it makes no difference in law. (See Paschal's Dig., Art. 2735, and Williford's case already referred to.)

It is unnecessary to notice any of the other errors alleged. We think there is no error appearing upon the record for which the judgment below should be disturbed. We will notice, however, that appellants' counsel appear to apprehend that

this is in some way a criminal case, and that everything should be construed with rigorous strictness against the State. This is not a criminal case, but to all intents a civil suit; and appellants treated it as such in their pleadings and defenses before the District Court. The judgment below is affirmed.

Affirmed.