THE STATE J. W. FRANKLIN AND ANOTHER.

1. A clerical error or omission, which was amendable in the court below, but to which no objection was taken in that court, is not available in this court.

2. A bail bond recited that the principal obligor had been indicted for "an aggravated assault, it being charged by the grand jury aforesaid that the said J. F., on the twelfth day of March, 1871, with force and arms, at and in the county of C., and State aforesaid, did commit the crime of aggravated assault : for that he, on the twelfth

32—XXXV

day of March, 1871, did unlawfully make an aggravated assault upon one S., with certain pistols, being then and there deadly weapons; and did then and there attempt to strike, beat and wound him the said S., with the pistols aforesaid." *Held*, that this description of the offense charged sufficiently conforms to the requirements of Articles 2137 and 2150, Paschal's Digest.

3. Sureties on a forfeited bail bond cannot avail themselves of defects in the .indictment against their principal, as a defense against a *scire facias*, or by motion to quash the bond.

4. In a motion to quash a bail bond given on a charge of aggravated assault with deadly weapons, one cause assigned was that "neither the bond nor the indictment charges that the deadly weapons were used under such circumstances as not amounting to an intent to murder or maim." *Held*, that this objection is remarkable as a complaint that the party is not charged with a more serious offense than that for which he was indicted; but this furnishes no defense against the bond.

APPEAL from Collin.   Tried below before the Hon. W. H. Andrews.

The opinion states the case.

*Wm. Alexander*, *Attorney General*, for the State.

No brief for the appellees.

WALKER, J.—This is an appeal of the State from a judgment of the district court quashing a bail bond after judgment *nisi*.  The first point made against the bond is, that it had no file marks upon it, and was therefore not to be regarded as valid or binding upon the securities.   This objection was not made in the district court, and cannot be considered here.   (Allen v. Traylor, 31 Texas, 124.)   Where there was a mere clerical error in the writ, which might have been amended, but the defendant was silent in the court below, suffering judgment to go against him by default, he cannot make the objection avail him in this court.

There is nothing in the second objection urged; the bond contains a sufficiently accurate description of the

offense, as defined in the law, Paschal's Digest, Articles 2137 and 2150.  No objection can be heard to the indictment; the defendant was not in court, and the securities cannot go behind their bond to question the sufficiency of the indictment.  But if the objection could be heard, it is frivolous.

The fourth objection is quite remarkable.  It is that neither the bond nor indictment charges that the deadly weapons were so used as not to amount to an intent to maim or murder.  The indictment charges an aggravated assault, and we are at a loss to know why the defendant should complain that he is not charged with a higher crime.

The fifth ground of objection is in the nature of a plea to the jurisdiction of the court.  It is scarcely necessary for this court gravely to decide that the district courts have jurisdiction in cases of aggravated assault.  But perhaps the most refreshing piece of hypercriticism which we have in this case, is found in the sixth and last objection of all.  It is this: That the bond does not state that the offense was committed in Collin county, but in the county of Collin.

The judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.