THE STATE v. J. A. AND F. COCKE.

Sureties on a bail bond for the appearance of the defendant at the next term of
    the District Court, to answer to an indictment, should one be found,
    cannot be heard, in answer to a *scire facias*, to say that their principal
    did not appear because no indictment was found against him for the
    offense he was bound over to answer to.  The nature of the undertak-
    ing is, that the defendant shall appear, and the failure to indict does not
    excuse the principal or his sureties from the appearance of the princi-
    pal to answer to the indictment, if one be found; nor can the sureties
    be heard upon any question touching the indictment.

APPEAL from Bexar.   Tried below before the Hon. George
H. Noonan.

There is no occasion for a statement of the facts.

*Wm. Alexander, Attorney-General,* for the State.

No brief for the appellees has reached the hands of the re-
porter

WALKER, J.   Had the appellees produced the body of their
principal in accordance with the terms of their bond or recog-
nizance, and no indictment had been found against him for
the offense described in the recognizance, they certainly would
not have been liable for the penalty; but this they did not do.
They were in default, and they cannot be heard upon any
question touching the indictment.   It is the nature of their
undertaking that their principal shall appear, and they cannot
be heard to say that he did not appear because there was no
indictment found against him for the offense he was bound
over to answer.

This record shows that there was an indictment found
against him for a somewhat different offense to that described
in the recognizance; but we are by no means properly in pos-
session of the proper evidence that he was not also indicted

for the same offense described in the recognizance. The clerk may certify that no indictment was found against him, charging him with the offense described in the recognizance. The judge who presided over the court may certify to the same thing; but the failure to indict does not excuse the principal or his securities from the appearance of the principal to answer the indictment, if one be found.

We have decided, in the case of The State *v.* Franklin, and also in the case of The State *v.* Hobbs, that the securities on an appearance bond cannot appear and question the sufficiency of an indictment in the absence of their principal.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.