### The State v. C. Rhodius.

1. The sureties upon a recognizance conditioned for the appearance of their principal at the next term of court, to answer to a criminal charge, cannot come into court and question the sufficiency of the indictment with-out producing the body of their principal.
2. A plea that the defendant is sued by the wrong name is in the nature of a plea in abatement, and should be sworn to. The plea should also set out the true name of the defendant, so that an *alias* writ can be run against him. The error is clerical and amendable.
3. It was error for the court below to quash a recognizance, because in the body of it the defendant was described by a wrong Christian name, there being no denial that he was the person who bound himself in the recognizance. In such cases the court, on being satisfied that the right man is before it, should hold him to his obligation without regard to his appellation.
4. Johnson *v.* The State, 33 Texas, 570, cited with with approval.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

The opinion sufficiently states the facts.

*Wm. Alexander, Attorney-General,* for the State.

*Chandler, Carleton & Robertson,* for the appellee.

WALKER, J. It is too late in the discussions of this court to contend that the securities upon a recognizance, who under-

take that their principal shall appear before the court to answer a criminal charge, may come into court and question the sufficiency of an indictment, without producing the body of their principal. This is an elementary principle of the criminal law.

The court erred in dismissing the appellee, and quashing the recognizance. If the appellee claimed that he was sued by a wrong name, it was in the nature of a plea in abatement, which should have been sworn to, and the writ might have been quashed; but he was bound at the same time to give the State his true name, and an *alias* writ would run against him. '

If he is not the person who entered into the recognizance with W. J. Parish, he could have plead that fact in abatement of the suit, and, upon proof, of course the action would have abated.

But he does not appear to deny his identity as the man who bound himself for Parish's appearance. The only difficulty appears to be that he is described by a wrong Christian name in the body of the recognizance. This is a clerical error, and the court should have permitted the clerk to amend it if necessary.

Christopher Rhodius does not deny but that he came into open court, and entered into Parish's recognizance, and he is now in court under its duly authorized process. Were we to refuse an amendment of this kind, John Stiles might at any time give his name to the court as Richard Roe; he does not sign the recognizance, he simply falsifies his own name, and when the time comes to answer for his undertaking as Richard Roe, he then declares his name to be John Stiles.

In all such cases it is the duty of the District Court, on being fully satisfied that the right man is before the court, to hold him to his obligation, by whatever name he should really be called.

The only other important question for our consideration in this case, is whether the criminal court of San Antonio had

jurisdiction of the case. The question is settled in Johnson *v.* The State, 33 Texas, 570, and subsequent decisions.

The judgment is reversed, and the cause remanded.

Reversed and remanded.