## Texas McCoy and another v. The State.

1. On *scire facias* against the sureties on a forfeited bail bond, they pleaded a general denial, and alleged that there was no indictment against their principal for the offense named in the bail bond, and that the indictment against their principal was for a different offense than that named in the bail bond, and thereupon demanded a jury trial. *Held,* that the only questions of fact to be inquired into upon the return of a *scire facias* upon a forfeited bail bond are those enumerated in Article 2884, Paschal's Digest, which are, first, the death of the principal defendant; second, sickness of the principal defendant or some unavoidable circumstance which prevented his appearance in court; and third, failure to present an indictment or information at the first term of the court which may be held after the defendant has been admitted to bail, in cases. where the party was bound over before indictment. *Held further,* that as the last of these questions is to be determined by an inspection of the record, the defendants had no right to demand a jury, and the court below did not err in refusing them a jury trial.

2. In obedience to a *scire facias,* defendants appeared at the next term of the court after entry of the judgment *nisi* on a forfeited bail bond, and moved to quash the bond for certain specified defects. *Held,* that the motion to quash the bail bond might have been properly presented before the forfeiture and the judgment *nisi,* or after a motion to set aside the judgment *nisi* had been sustained, but could not be entertained while the judgment stood.

3. Section 413 of the Code of Criminal Procedure (Article 2884 of Paschal's Digest) was enacted for the purpose of confining a surety's defense to a *scire facias* on a forfeited bail bond or recognizance to one of the three reasons enumerated in the section, and to prevent any inquiry as to the guilt or innocence of the principal defendant, or of the validity

or invalidity of the indictment. Therefore *held*, that the sureties on a bail bond or recognizance have no right, after the same has been forfeited, to be heard upon any questions raised in regard to their bond, provided the same appears upon its face to be sufficient to support a judgment. The obligation of the sureties is for the appearance of their principal, and if he fails to appear the bond is forfeited, and it is immaterial whether there is any information or indictment against the principal or not.

4. See this case for a full discussion of the defenses to a *scire facias* on a forfeited bail bond or recognizance

Appeal from Karnes. Tried below before the Hon. Daniel D. Claiborne.

The defendant, J. J. Oneal, was arrested by the sheriff of Karnes county by virtue of a *capias* issued from the office of the clerk of the District Court of Karnes county, upon an indictment charging him with the theft of a gelding. The bail bond was conditioned for the appearance of Oneal at the next term of the District Court, to answer to an indictment for the theft of a horse. Oneal failed to make his appearance at the next term of the court, and the bond was duly forfeited, and a *scire facias* issued to the sureties to appear at the next term of the court and show cause why the judgment *nisi* should not be made final.

In obedience to the *scire facias*, the defendants appeared at the next term of the court, and moved to quash the bond for variance between the offenses described in the bond and the indictment; and also pleaded a general denial, setting forth that there was no such indictment against J. J. Oneal as the one set forth in the bond, and demanded a jury trial.

The court below overruled the motion to quash the bond, refused a jury trial, and rendered judgment final against the sureties for the amount of the bond forfeited. Motion for a new trial being overruled, the defendants prosecute this appeal.

*Lawhon & Bookout*, for the appellants.

*William Alexander*, *Attorney-General*, for the State.

Ogden, J. This is an appeal from a final judgment upon a forfeited bail bond. One of the appellants was arrested under an indictment for theft, and executed a bond with the other appellants as security for his appearance at the next term of the District Court. Oneal, the principal, failing to appear at the next term, the bond was forfeited and *scire facias* issued to his securities. At a subsequent term of the court, the securities filed a motion to quash the bond, and a plea, or answer, containing a general denial, and setting up the same matters contained in their motion to quash, and thereupon they demanded a jury.

The only defenses to a *scire facias* on a forfeited bail bond, as presented by Article 2884 Paschal's, Digest, are: first, the death of the principal defendant; second, sickness of the defendant, or some unavoidable circumstances which prevented his appearance in court; third, failure to present an indictment or information at the first term of the court which may be held after the defendant has been admitted to bail, in cases where the party was bound over before indictment or information. These are the only questions of fact to be inquired into, upon the return of a *scire facias*, upon a forfeited bail bond, and the only questions which could legitimately be presented to a jury, for their decision; and, as the last is a question to be determined by an inspection of the record, which is done by the court or under its direction, a party would have no right to demand a jury for that purpose. We would not say that when the sureties set up the defense that the principal defendant was either sick or dead, or was prevented by unavoidable circumstances from attending the court when the bond was forfeited, and that defense was controverted, they would not be entitled to a jury, if demanded, to determine either of those facts; but as neither of these facts were set up by the defendants in this case, we have no hesitancy in saying that the appellants were not entitled to a trial by jury.

It is also insisted that the court erred in overruling defendants' motion to quash the bond. We think that this motion

should have been overruled, for the reason that it came either too late or too early. Such a motion might very properly have been presented before the forfeiture of the bond and the judgment *nisi*, or it might have been presented after a motion to set aside the judgment *nisi* had been sustained ; but while that judgment stood, it would have been irregular to have instituted an inquiry into the validity of the bond, which was the foundation of the judgment. But we discover no good reason for quashing the bond, as it is in the ordinary form, and shows upon its face that the defendant is accused of the offense of the theft of a horse.

There is, however, another ground set out in the motion as a reason why the bond should be quashed, and which we propose to examine to some extent, because of the apparent conflict in some of the former decisions by this court. The second ground in the motion to quash is " because the offense describ- " ed in the bond is different from the one alleged in the indict- " ment against the defendant." It is quite manifest that Article 2884, Paschal's Digest, was enacted with the view of confining the defense of the sureties on a forfeited bail bond or recognizance, to one of three reasons why they did not produce the body of their principal, and of preventing the raising of any question in regard to the guilt or innocence of the principal defendant, or of the validity or invalidity of the indictment or information. And we are of the opinion that the sureties on an appearance bond or recognizance, after the same has been forfeited, have no right to be heard upon any questions raised in regard to their bond or recognizance, provided the same appears upon its face to be sufficient to support a judgment. The sureties are bound to produce the body of their principal at the time and place specified, and so far as their obligation is concerned, it is wholly immaterial whether there is any indictment or information against the principal or not. Their bond was conditioned for the appearance of the defendant, and if he failed to appear, their obligation was forfeited.

It is believed that our statute in that respect is not very dis-

similar to the laws of most of the States, and the decisions of the courts are remarkably uniform in support of the rules here enunciated. In Pack *v.* The State, 23 Ark., 235, it is said : "It "is immaterial whether there was an indictment or not. The "sureties were the defendant's jailers, and were bound to "produce him when required." In The State *v.* Stout, 6 Halst., 139, it is said : "The recognizors are not concerned "in the question of there being an indictment against their "principal, or of his guilt or innocence ; they were bound "to produce him." (See also, Archer *v.* The Commonwealth, 10 Gratt., 633 ; The People *v.* Stager, 10 Wend., 435 ; The State *v.* Cooper, 2 Blackford, 227.) These cases establish, beyond controversy, the proposition that the courts will not, upon the motion or plea of the sureties of an absconding or defaulting principal, look behind their bond to inquire into the accusation against him, nor even to inquire whether there is, in fact, any accusation or indictment ; but will hold the sureties strictly to the terms of their bond to produce their principal, or pay the forfeit. In the case of Barton *v.* The State, 24 Texas, this court says : "If the appellant Barton was in court "before the judgment *nisi* was made final, it was his duty to "present to the court the reasons why judgment ought not to "be made final against him. If he had shown, before entry "of final judgment, any of the causes enumerated in Article "413 of the Code of Criminal Procedure (Article 2884, Pas- "chal's Digest), then he would have been entitled to be put "upon his trial on the indictment, and the judgment *nisi* could "not have been made final against him. But, the paper which "purports to show cause why judgment should not be made "final on the bond, does not allege any one of the causes "enumerated, and where sufficient cause is not shown, even "though the party be present, or in jail, before the entry of "final judgment, it rests in the discretion of the court to remit "the forfeiture of the whole or part of the bond or recogni- "zance." In the case of The State *v.* Cox, 25 Texas, 407, the court says : "It is not a valid objection, therefore, that the

" bond which is recited in the *scire facias* recites a different
" offense from that named in the indictment, because the court,
" on the trial of the issues upon the *scire facias*, will not look
" back to the indictment, and virtually decide upon the suffi-
" ciency of the indictment, in deciding upon the objection to the
" bond." There can be no misunderstanding the two cases last
cited, and we think they are in strict conformity with the statute
and the almost uniform decisions of this and other courts.

But we are referred to the case of Foster *v.* The State, 27
Texas, 237, as enunciating a different doctrine, and holding that
the sureties on a recognizance or bail bond may, upon the
default of their principal, appear, and by motion or plea call
in question the sufficiency of the indictment, or the sufficiency
of the bond in identifying the indictment or the offense there-
in charged. We, however, do not regard that opinion as
intended to go to that extent. That opinion is founded upon
Article 264 of the Code of Criminal Procedure (Article 2732,
Paschal's Digest) which has exclusive reference to the legal
sufficiency of a bail bond. And it will not be denied that
where the principal in the bond appears at the proper time
and place, either with or without his securities, he or they may
by proper pleadings, raise the question of the sufficiency of the
bond, or whether it properly describes the offense of which
the principal stands indicted, or whether he is indicted or ac-
cused of any offense. And this, we understand, is the extent
to which that opinion was intended to go, and to that extent,
and that only, are we willing to give our sanction.

We are of the opinion that the District Court did not err in
overruling the motion of the securities on a forfeited bail
bond, to quash the same because it did not set out the same
offense described in the indictment against their principal.
We are also of the opinion that the court did not err in over-
ruling the motion for a new trial. We discover no error
of law or fact in the judgment of the lower court, and it is
affirmed.

Affirmed.