THE STATE v. R. A. ANGELL AND ANOTHER.

When it appears in a suit on a forfeited bail bond, that the bond is in every respect in compliance with the statute, this court will not go behind the bond to inquire into the sufficiency or insufficiency of the indictment, or whether it charged the same offense described in the bond ; nor can extrinsic evidence be introduced by the sureties on the bond to prove its insufficiency to support a judgment of forfeiture ; but a bond which does not, upon its face, bind the accused to appear before some particular court, at some specified time and place, is utterly void, and any action had under it is a mere nullity.

APPEAL from the Criminal Court of Galveston county. Tried below before the Hon. S. Dodge.

There is no occasion for a statement of the facts.

*William Alexander, Attorney-General,* for the State.

No brief for the appellees has reached the hands of the reporter.

OGDEN, J. We have frequently decided that upon an appeal from a judgment on a forfeited appearance bond, we would not go behind the bond to inquire into the sufficiency or insufficiency of the indictment or information, nor to inquire whether the indictment charged the same offense described in the bond. But when the bond upon its face is in every respect a full compliance with the statute, we have held extrinsic evidence, when offered by the sureties on the bond, to be inadmissible to prove its insufficiency to support a judgment of forfeiture.

The bond in this case is fatally defective, and the defects are apparent upon the face of the bond. That instrument does not bind the accused to appear before any particular court, and it specifies no particular time or place when or where the accused is to appear. We think these errors sufficient to invali-

date the bond, and to render all action had under it a mere nullity; and that therefore the District Court did not err in sustaining the exceptions to the same. And the judgment is affirmed.

Affirmed.