THE STATE OF TEXAS v. WILLIAM R. AKE ET AL.

BAIL-BOND SECURITIES.—The securities on a bail bond or recognizance cannot be heard to avoid their liability on account of a defect in the indictment against their principal; and when the bond is conditioned for the appearance of the principal "to answer and await the action, &c., and stand trial upon such bill of indictment as may be preferred against him for swindling," the sureties cannot avoid liability, though the indictment for swindling returned by the grand jury was so defective that no conviction for swindling could be allowed.

APPEAL from Williamson. Tried below before the Hon. E. B. Turner.

*George Clark, Attorney General,* for the State.

*McFadin & Fisher,* for appellee.

DEVINE, ASSOCIATE JUSTICE.—F. S. Ake and I. L. Brittain, on the 13th of February, 1873, became the securities of Wm. R. Ake, on a bond conditioned for his appearance to " answer and await the action of the grand jury of Williamson county, and stand trial upon such bill of indictment as may be preferred against him for swindling." On the 6th of March, 1873, an indictment was presented by the grand jury of Williamson county charging William R. Ake with swindling, &c.

On the 14th of March, 1873, the case of The State *v.* William R. Ake being called for trial, and defendant failing to

appear, the usual judgment *nisi* was entered against the defendant and the securities on his bond. *Scire facias* issued to each of the sureties on the bond, and was in April returned served. On the 11th of July, 1873, a final judgment was entered for the amount of the bond against all parties, principal and sureties. On the 2d of August, 1873, one of the sureties, F. S. Ake, appeared by counsel and moved in arrest of judgment, "because the bond, being conditioned that the principal should await the action of the grand jury and stand trial upon such bill of indictment as may be presented against him for swindling; * * * and that the grand jury of Williamson county has not up to this time presented any bill of indictment, such as the law requires, for swindling."

The court sustained the motion in arrest of judgment, as the intent mentioned in the statute was omitted from the indictment. The District Attorney appealed on behalf of the State, and the question is presented, Did the court err in sustaining the motion in arrest of judgment?

In the present case the principal made default, the sureties permitted a judgment final by default to be entered against them, and three weeks after final judgment by default a motion in arrest of judgment is made by one of the sureties.

His motion should not have been sustained. The question has been definitely settled that the securities on a bail bond or a recognizance cannot be heard on any question touching the sufficiency of the indictment. The bond or recognizance is conditioned for the appearance of the principal. His failure to appear precludes them from calling in question the sufficiency of the indictment on the guilt of the accused. (See The State v. Cocke, 37 Tex., 155; State v. Rhodius, 37 Tex., 165; McCoy v. The State, 37 Tex., 219; and The State v. Angell and another, 37 Tex., 357.)

There was error in sustaining the motion in arrest of

judgment. The judgment of the court in sustaining the motion is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.