## J. L. SMALLEY v. THE STATE.

1. BAIL-BOND. — It is not sufficient that a bail-bond names some offense known to the laws of the state. The offense named in it must be the offense of which the principal obligor stands charged. If it names a different one, the sureties may avail themselves of the variance; and it is fatal on writ of error to a judgment final taken by default.

2. CASES OVERRULED. — *McCoy* v. *The State*, 37 Texas, 219, and *Angell* v. *The State*, 37 Texas, 357, in so far as they contravene the above, are overruled.

WRIT OF ERROR from the Criminal Court of the city of Marshall, county of Harrison. Tried below before the Hon. J. L. CAMP.

The judgment final was taken by default. The opinion states all the material facts.

No brief for the plaintiff in error.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. Two of the requisites prescribed by statute for bail-bonds are "that the obligors thereto bind themselves that the defendant will appear before the proper court to answer the accusation against him," and that the offense of which the defendant is accused "be distinctly

named in the bond," etc.   Pasc. Dig., art. 2732, subdivs. 2, 3.

The indictment in this case charged the defendant with resisting an officer ; the bail-bond upon which plaintiff in error was a surety stated the accusation or offense to be an aggravated assault.   There was a forfeiture and judgment *nisi* upon the bond.   The *scire facias* for the surety and the judgment final against him both recited that the offense charged against the party indicted was "resisting an officer."   In other words, his bond names one offense while the *scire facias* and the judgment final name another. *Duke* v. *The State*, 35 Texas, 424.

It has been definitely settled by repeated decisions in this state that the securities on a bail-bond or a recognizance cannot be heard on any question touching the sufficiency of the indictment ; that the bond or recognizance is conditioned for the appearance of the principal, and that his failure to appear precludes them from calling in question the sufficiency of the indictment or the guilt of the accused. *The State* v. *Cocke*, 37 Texas, 155 ;   *The State* v. *Rhodius*, 37 Texas, 165 ;   *McCoy* v. *The State*, 37 Texas, 219 ;   *The State* v. *Angell*, 37 Texas, 357 ;   *The State* v. *Ake*, 41 Texas, 166 ;   Pasc. Dig., art. 2884.

In most of the above-cited cases the only question decided was that, upon a proceeding under *scire facias*, the sureties could not be heard to question the sufficiency or insufficiency of the indictment.   The cases of *McCoy* v. *The State*, 37 Texas, 219, and *The State* v. *Angell*, 37 Texas, 357, go further, and say that in such proceedings the sureties cannot be heard to say that the bond does not recite the same offense as that stated in the indictment.   We cannot agree to this doctrine, since it seems to be at war with the very language of the statute, article 2732, above quoted.

The rule as laid down in *Foster* v. *The State*, 27 Texas, 237, *Turner* v. *The State*, 41 Texas, 549, *Duke* v. *The*

*State*, 35 Texas, 424, and *The State* v. *Gordon*, 41 Texas, 510, is in our opinion more in consonance with the reason and policy of the law. As was well said in *Foster* v. *The State*, which is a case analogous to the one we are considering, "It is not sufficient if some offense known to the laws of the state be named in the bond. The offense must be that of which the defendant stands charged by indictment." 27 Texas, 236.

The cases of *McCoy* v. *The State*, 37 Texas, 219, and *Angell* v. *The State*, 37 Texas, 357, in so far as they conflict with this decision, are overruled. The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*