[No. 2740.]

HENRY KEPPLER ET AL. v. THE STATE.

1. BAIL BOND.—Where a bail bond or recognizance is taken after indictment has been found, the very offense of which the principal stands indicted must be named in the bond. It is not sufficient to name merely the class of offenses.

2. SAME.—All that is required in bail bonds or recognizances taken before indictment is that they shall, in plain language, describe some offense known to our law.

3. SAME.—WILFUL BURNING is not eo nomine or necessarily an offense under our law, and it was error to overrule a motion to quash a bail bond, taken before indictment, which so denominated the offense for which the accused was bailed.

ERROR from the District Court of Tom Green. Tried below before the Hon. Allen Blacker.

The writ of error in this case was prosecuted from the forfeiture of the bond of Henry Keppler, bailed to await the action of the grand jury of Tom Green county, on a charge of "wilful burning." Two hundred dollars was the amount of the bond and judgment.

*Joseph Spence, jr.,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. Of the numerous errors assigned it is necessary to notice but one, and that is the overruling of defendant's motion to quash the bail bond. This motion excepted to the bond because it does not distinctly name the offense of which their principal was accused, and because it does not appear therefrom that their said principal was accused of some offense against the laws of this State. (Code Crim. Proc., Art. 288.)

"Wilful burning" is the charge named in the bond. There are several distinct offenses which fall under this general head of "wilful burning." "Arson" is wilful burning, and a felony. (Penal Code, Art. 679.) Chapter 2 of the Penal Code names a number of other wilful burnings which are denounced as of-

fenses, some being felonies and others misdemeanors. Which one of these offenses was the principal in this bail bond bound to answer? We are not informed by the bond.

It has been settled that where a bail bond or recognizance is taken after indictment found, the very offense of which the principal stands charged in the indictment must be named in the bond, not the class of offenses. (*Foster* v. *The State,* 27 Texas, 236; *Smalley* v. *The State,* 3 Texas Ct. App., 202; *McLaren* v. *The State,* Id., 680.)

In *Barrera* v. *The State,* 32 Texas, 644, it is said that "all that should be required in bonds and recognizances taken before indictment is that they shall in plain language describe some offense known to our law." In the case before us the bond was taken before indictment, and it would not, therefore, be vitiated because it failed to state the precise offense of which the principal in the bond was subsequently indicted. Still, it must distinctly name some offense against the laws of the State. We do not think that the bond in this case names any offense against the laws of this State. "Wilful burning" is not *eo nomine* or necessarily an offense. It is not every wilful burning that is denounced as a crime by our Code. We can conceive of wilful burnings which would not come within any of the penal provisions of our criminal law. These words fall as far short of naming an offense as the word "gaming," which was held to charge no offense. (*The State* v. *Cotton,* 6 Texas, 425.) And they are not so definite as the words "malicious mischief," which were held to be insufficient in a bail bond, (*McLaren* v. *The State,* 3 Texas Ct. App., 680.) In the last cited case the authorities upon this subject are collocated, and we refer to it for a full elucidation of the question.

Because of the fatal defect in the bond, the court erred in overruling defendant's motion to quash it; for which error the judgment is reversed, the bond quashed, and this suit dismissed.

*Reversed and dismissed.*

Opinion delivered May 9, 1883.