[No. 2905.]

## J. D. MARTIN AND H. H. NEILL *v.* THE STATE.

1. SCIRE FACIAS—PRACTICE—EVIDENCE—CASE STATED.—Under an indictment for theft, D. was convicted of swindling. Appealing to this court with appellants as sureties, he obligated himself, in his bond, to appear before the district court and abide the decision of his appeal. The conviction was affirmed on appeal, and D. failing to appear on his bond before the district court, the same was forfeited, and proper process to show cause, etc., was served on appellants. Appellants answered *scire facias* by general denial only, pleading none of the exonerating provisions of Article 452 of the Code of Criminal Procedure. The trial resulted in final judgment against appellants. On the trial, the State read in evidence the indictment against D. for theft, and, over objection, the judgment of conviction for swindling. The objection is, that the conviction was not supported by the indictment, but was for a different offense, wherefore the judgment was a nullity, and inadmissible in evidence. *Held*, that it was only necessary for the State to show the recognizance and the judgment *nisi* declaring its forfeiture; that, while the judgment and indictment were not necessary evidence, their admission could in no way affect the issue in the case.

2. SAME.—The sufficiency of an indictment, or the regularity of the proceedings preliminary to the conviction of an offense charged by the indictment, cannot be questioned in a *scire facias* proceeding. In this case, the judgment of the Court of Appeals, affirming the judgment of conviction, was the law of the case, and could not be questioned in the court below. Nor can sureties on an appearance bond be heard in any way to question the guilt of their principal. See the opinion on the question.

3. Same.—Article 452 of the Code of Criminal Procedure prescribes the only causes which will exonerate principal and sureties from liability upon the forfeiture of a bail bond, and none of them reach to the sufficiency of the indictment or the validity of the conviction.

4. Same.—Habeas Corpus may be invoked to escape the enforcement of a void conviction. But where a convicted defendant appeals, and he and his sureties obligate themselves to abide the judgment on appeal, they are bound by the obligation, whether the conviction was void or valid.

5. Recognizance—Evidence.—When offered in evidence, the recognizance was objected to, because it recited that D. had been convicted of swindling, for which offense he had not been indicted. For the reasons enumerated in the preceding head notes, the objection was properly overruled.

Appeal from the District Court of Erath. Tried below before the Hon. T. L. Nugent.

This was an appeal from a judgment final upon the appeal bond of C. M. Davison, who, having been convicted of swindling under an indictment charging him with theft, and awarded punishment by fine of one hundred dollars and confinement for three months in the county jail, appealed to the Court of Appeals, where the judgment was affirmed. The amount of the bond and the judgment against appellants as sureties was two hundred dollars

*Lee Young*, for the appellants.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge.   C. M. Davison was convicted of *swindling* under an indictment charging him with *theft*.   He appealed to the Court of Appeals, entering into recognizance, with appellants as his sureties, conditioned to appear before the district court of Erath county and abide the judgment of said Court of Appeals in said case.   The Court of Appeals affirmed the judgment of conviction, and Davison failing to appear and abide said judgment, his recognizance was declared forfeited by the district court of Erath county, and appellants were duly cited to appear and show cause, etc.

Appellants answered the *scire facias* by a general denial only, not pleading any of the causes of exoneration prescribed by Article 452 of the Code of Criminal Procedure.   A trial of the

case resulted in a judgment final against appellants for the amount of the recognizance and costs.

Upon the trial the State read in evidence the indictment against Davison, charging him with *theft.* The State then read in evidence, over the objection of the appellants, the judgment of conviction under said indictment, for the offense of *swindling.* It is contended by appellants that the judgment of conviction was not supported by the indictment, but was for a different offense than that charged in the indictment, and was therefore a nullity and inadmissible in evidence.

It was not necessary for the State to read in evidence either the indictment or the judgment of conviction had under it. It was only necessary for the State to show the recognizance and the judgment *nisi* declaring the forfeiture of the same. (*Mc-Whorter* v. *The State,* 14 Texas Ct. App., 240; *Arrington* v. *The State,* 13 Texas Ct. App., 554.) But, the State having read in evidence an indictment for *theft,* could it be permitted to show a conviction for *swindling* under said indictment? It is, we think, a sufficient reply to this question to say that the said judgment of conviction had been affirmed by this court, and that affirmance was the law of the case, and cannot be called in question in this proceeding by the appellants. It is well settled that the defendant and his sureties in a proceeding upon a forfeited bail bond or recognizance cannot be permitted to inquire into the validity of the indictment or the judgment of conviction, nor can the sureties be heard to question the guilt of their principal. (*The State* v. *Cocke,* 37 Texas, 155; *The State* v. *Rhodius,* Id., 165; *McCoy* v. *The State,* Id., 219; *The State* v. *Angell,* Id., 357; *The State* v. *Ake,* 41 Texas, 166; *The State* v. *Cox,* 25 Texas, 405; *Smalley* v. *The State,* 3 Texas Ct. App., 202.)

Our statute prescribes the only causes which will exonerate the defendant and his sureties from liability upon the forfeiture taken. (Code Crim. Proc., Art. 452.) None of these causes reach to the insufficiency of the indictment, or the invalidity of the conviction. If the recognizance is a valid and binding obligation in law, the obligors therein cannot be exonerated from liability for any cause not mentioned in the statute. Even if the defendant Davidson was erroneously convicted of *swindling* under an indictment for *theft,* this did not render invalid his recognizance given on appeal from such conviction. He was not compelled to appeal to rid himself of a void conviction, if it was void. He could have resorted, for relief, to the writ of *ha-*

*beas corpus.* Having chosen the remedy by appeal, and, in order to avail himself of that remedy, having voluntarily obligated himself and his sureties that he would abide the judgment rendered upon his appeal, we think such obligation is valid and binding in law, whether the conviction was legal or illegal. But, as before said, the conviction in this case was held, on appeal, to be a legal and valid one, and that decision is an end of the matter so far as this proceeding is concerned.

While it was unnecessary for the State to read in evidence the indictment and judgment of conviction, their introduction did not, in our opinion, in any way affect the issues before the court, and could have no legal bearing upon the proper decision of those issues.

Appellants also objected to the recognizance, when offered in evidence by the State, because it recited that Davison stood charged with *theft,* and had been convicted of *swindling,* for which latter offense he had not been indicted. They assign as error the ruling of the court permitting the recognizance to be read over their objection. For the reasons we have already stated in this opinion, we hold that the objections to the recognizance were not tenable, and the court did not err in admitting it in evidence.

We find no error in the judgment, and it is therefore affirmed.

*Affirmed.*

Opinion delivered May 21, 1884.