Opinion delivered June 23, 1886.

---

[No. 3692.]

## O. A. Wells et al. *v.* The State.

1. Practice—Recognizance.—A defendant's recognizance given on appeal to this court can be forfeited only when the judgment against him below has been *affirmed*. A reversal of the judgment rendered below places the cause in the same condition it would be in if the new trial had been awarded by the trial court. Upon a reversal by this court the recognizance on appeal has served its purpose and become *functus officio*. The original recognizance or bail bond of the accused would in such case retain its full force and effect, and upon such obligation, and not upon his appeal bond or recognizance, the accused and his sureties would be bound.

2. Same—Cases Obsolete.—It was the rule prior to the revision of the codes that a recognizance on appeal could be forfeited in the trial court after the reversal and remand of the case by the Appellate Court, and that doctrine was upheld in the cases of Weaver v. The State, 43 Texas, 386, and Riviere v. The State, 7 Texas Court of Appeals, 55. Those decisions have had no application to the question since the adoption of the Revised Code of Criminal Procedure, Article 876 of which enacted the rule as above stated.

3. Same—Indictment.—The purported indictment in this case being a presentation of a grand jury composed of *thirteen* persons was in fact no indictment at all, and conferred no jurisdiction upon the trial court or its officers to require a bail bond or recognizance of the defendant, and hence the recognizance and all other proceedings based upon the pur-

ported indictment were void. The rule that a surety upon a bail bond or recognizance will not be heard to question the sufficiency of an indictment after judgment nisi, can not be held to apply to a case in which there was in fact *no indictment*, and over which the trial court had not acquired jurisdiction.

APPEAL from the County Court of Johnson. Tried below before the Hon. B. D. Simpson, County Judge.

At the November term, 1884, of the district court of Johnson county, a purported indictment was returned against O. A. Wells for pursuing the occupation of a liquor dealer without having first paid his occupation tax. The case was transferred to the county court, and on the thirtieth day of December, 1884, the said O. A. Wells was arrested and admitted to bail, in the sum of five hundred dollars, with J. P. Semones and J. J. Levy as sureties. At the January term, 1885, of the county court, the said Wells was tried and convicted; from which conviction he prosecuted his appeal to the Court of Appeals, his recognizance on appeal being fixed at eight hundred dollars, and the said Semones and Levy becoming sureties on the same. On the tenth day of June, 1885, the judgment of conviction was reversed by the Court of Appeals, and the cause was remanded. On the eighth day of September, 1885, the case was again called in the county court for trial. Wells failing to appear, a forfeiture on the appeal bond to the Court of Appeals was entered in the county court, and it was from the final judgment on this forfeiture that this appeal was prosecuted.

*Poindexter & Padelford*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. It is only in the case of an *affirmance* of the judgment of conviction by this court, that the defendant's recognizance given on appeal can be forfeited. When the judgment of conviction is reversed, and this court awards a new trial to the defendant, the cause stands as it would have stood in case the new trial had been granted by the court below. (Code Crim. Proc., Arts. 875–876.) In such case the recognizance given on appeal has served its purpose, and is *functus officio*. The bail bond, or original recognizance of the defendant in such case, still has full force and effect, and it is upon such obligation, and

not upon his recognizance on appeal, that he is bound. (Ex parte Guffee, 8 Texas Ct. App., 409.)

Prior to the adoption of the Revised Statutes it was held that the recognizance given by the defendant on appeal could be forfeited in the trial court, after the judgment of conviction had been reversed and the cause remanded by the Appellate Court. (Weaver v. The State, 43 Texas, 386; Riviere v. The State, 7 Texas Ct. App., 55.) These decisions were based upon the statutes then in force. Article 876 of the Revised Code of Criminal Procedure was not then enacted, but is a new article inserted by the revisers. We think this article settles the question, and that the decisions above referred to are no longer applicable. There is no question but that in the case of an *affirmance* by this court of the judgment of the trial court, the recognizance on appeal is still binding, and may be forfeited upon a breach of its conditions. (Code Crim. Proc., Art. 875; Thompson v. The State, 17 Texas Ct. App., 318.)

We conclude, therefore, that the recognizance of the defendant on appeal was no longer of any binding force after the reversal of the judgment and the awarding of a new trial by this court, and can not support the judgment of forfeiture.

Another objection fatal to the judgment in this case is that the pretended indictment, under which the proceedings of forfeiture have been had was in fact not an indictment, the same having been presented by an illegal body, composed of *thirteen* persons. It was not the act of a legal grand jury, and conferred no jurisdiction upon the court or its officers to require of the defendant a bail bond or recognizance, and hence any bail bond or recognizance given by him in such proceedings was without authority of law, and void, and so would be any proceeding had in the cause. (Lott v. The State, 18 Texas Ct. App., 627; Rainey v. The State, 19 Texas Ct. App., 479.) Whilst it is settled law that a surety upon a bail bond, or recognizance, will not be heard to question the sufficiency of an indictment after judgment nisi, (State v. Rhodius, 37 Texas, 165; State v. Franklin, 35 Texas, 497; State v. Ake, 41 Texas, 166; State v. Cox, 25 Texas, 404; Hester v. The State, 15 Texas Ct. App., 418), this rule does not apply to a case like the one before us, where there was in fact no indictment, and where the court had not acquired jurisdiction of the case. (Brown v. The State, 6 Texas Ct. App., 188.)

For the reasons we have stated, we hold that the judgment appealed from is erroneous and must be set aside, and because

the entire proceedings in the case are void, there being no indictment to give the court jurisdiction of such proceedings, this cause is dismissed.

*Reversed and dismissed.*

Opinion delivered June 23, 1886.