## KEEFHAVER *against* COMMONWEALTH.

### IN ERROR.

When upon an indictment, the jury, under the act of assembly, acquit the defendant, and determine that he shall pay the costs of prosecution, the Court cannot decree the forfeiture of the recognizance of the defendant (being present,) and his bail to compel the payment of the costs, nor upon such decree, can the recognizance be forfeited at a term subsequent to that, to which it bound the defendant to appear, when the defendant did not appear.

Recognizances being for an appearance at the *next*, and not at every succeeding sessions, are to be discharged at the end of the term, by committing the prisoners, delivering them on new bail, or setting them at large.

Although the act of assembly is silent as to any power to commit in such case, a sentence and commitment are the natural and necessary consequences of the verdict of the jury, and the power to commit is an incident of the power to sentence, and the Court may commit, although the defendant is a female.

On a *certiorari* to the Court of Quarter Sessions of Adams County, the case was this: At November sessions, 1828, *Elizabeth Keefhaver* became bound with *Peter Keefhaver*, as her surety, in the penalty of 500 dollars, upon condition that she should appear at the next sessions, to answer, &c., and "not depart the Court without leave," &c. She appeared at the next sessions, January, 1829, and upon trial was acquitted, by the jury, who under the act of 8th December, 1804, *Purd. D. t. Indictment*, 357, determined by their verdict, that she should pay the costs of prosecution: whereupon the Court decreed that "she should pay the costs according to the determination of the jury, and that she be not discharged from her recognizance until the same be paid, or she have leave to depart," &c. At April sessions following, the costs not having been paid, the Court directed her recognizance and that of her surety to be forfeited, and "she not appearing, the recognizance was forfeited."

*Stevens* for the plaintiff in error

Contended that the defendant had complied with the terms of her recognizance, by appearing at the next sessions to answer, and that the recognizance could not be forfeited at a subsequent sessions, at which she was not bound to appear.

*Penrose* for the defendant in error.

By the provisions of the act of the 8th December, 1804, in all cases of acquitals by the petit jury, on indictment for offences, cases of felony only excepted, the jury shall determine by their verdict, whether the county, or the prosecutor, or the defendant shall pay the costs of prosecution. By the second section of this

(Keefhaver *v.* Commonwealth.)

act, it is enacted that where the jury determine that the prosecutor shall pay the costs, the Court shall, forthwith, pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, &c.

This act of assembly being in derogation of the common law and a penal statute, must be construed strictly: in regard therefore, to the case of a defendant who is acquitted, and directed to pay the costs, the Court have no power to sentence to imprisonment, when the defendant is out on bail. This construction is fortified by a reference to the second section, in which the case of the prosecutor, who is made to pay the costs, is provided for, and power is expressly given to the Court to sentence the *prosecutor* to imprisonment. *Expressio unius exclusio est alterius.* If the legislature had intended to confer the same power in the case of the defendant, it would have been conferred in express terms. What then is to be done in this case? It cannot be endured that there should be no mode in which the determination of the jury should be carried into effect. He contended that where the defendant is in custody, the Court would refuse to discharge him until the costs were paid. *Irwin v. The Commissioners of Northumberland county,* 1 *Serg. & Rawle,* 509: and in case the defendant is out on bail, the Court, in the exercise of analogous power, should, as they had done here, decree the payment of the costs, and that the defendant should not have leave to depart, until they were paid, &c.

This view of the act of assembly derives strength from a reference to the act of the 28th March, 1805. *Purdon's D. T. Indictment,* 358. By the act of 1804 there is no provision where the defendant is acquitted and it is determined by the jury that he shall pay the costs, giving power to the Court to make any decree as to the finding of the jury. but the act of 1805, which is entitled " an act explanatory" of the act of 1804, provides that " the proceedings and *adjudications* had by a Court of justice agreeably to the provisions of the said act " shall be lawful and valid." Here the power is expressly given not to sentence to imprisonment, but to make " a decree," " an adjudication " to compel the payment of the costs.

In case the defendant is in prison, the decree prevents his discharge, until the costs are paid, and where he is out on bail, he is in contemplation of law in the custody of his bail, and the decree prevents his discharge in that case also. The bail can at once relieve himself from all responsibility by a surrender of the defendant.

Nor is this inconsistent with the condition of the recognizance. It is true that one of those conditions is that the defendant should

31

(Keefhaver v. Commonwealth.)

appear, but this is not the only condition. The defendant is not "to depart without leave," &c. which as the recognizance is entered into with a knowledge of, and a view to the existing laws of the land, may be well considered as embracing an "adjudication" provided by the act of 1805, such as was made in this case. The recognizance was in fact forfeited at January sessions, at which the defendant was expressly bound to appear, although it was not formally called until the sessions following; for it was forfeited by the departure of the defendant without the leave of the Court, &c.

The Court below were asked in this case to sentence the defendant to imprisonment, but was embarrassed, as she is a female, by the act of 8th February, 1809, which prohibits the imprisonment of a female for debt.

*Stevens* in reply

Argued that the bail has no power over the body of the principal which the Court have not. The power of the bail is derived from the power of the Court, and must be exercised in subordination to that power; and if the Court could not imprison, the bail cannot.

The act of 1804 is silent as to the mode in which the determination of the jury should be enforced in the case of the acquittal of the defendants; but he contended that the Court have the right, in case of the appearance of the defendant, to imprison, as a necessary incident of their jurisdiction of the case, and the act of 1805 as much authorizes a commitment of the defendant, as an order or decree of the Court to compel the payment of the costs.

A distinction prevailed as to bail in civil, and criminal cases, in the former, appearance was not an appearance in person, but an appearance on record, by entering bail to the action, but in the latter the appearance is a personal appearance. This distinction makes a great difference; for in the former the bail is forfeited by a failure to perform the conditions undertaken, but in the latter the law requires that the recognizance should be called in open Court, in order to its forfeiture; and in such case the transaction is ended when the defendant does not appear; for the bail cannot, as in civil cases, enter bail of record in lieu of an appearance. In criminal cases then appearance in Court and answering when called is the only appearance, and is all which the condition of the recognizance requires. And the recognizance is not forfeited by remaining in Court until the bail chose to inflict that punishment wich it is contended the Court could not. The recognizance was not forfeited at the term to which it bound the defendant to

(Keefhaver *v.* Commonwealth.)

appear, for it was not then called. At that Court it became dead, and could not at a subsequent term be revived and forfeited.

The opinion of the Court was delivered by

GIBSON, C. J.—The forfeiture of the recognizances was recorded under a supposition that the condition required more than a bare appearance. In civil cases the condition is to pay the costs and condemnation money in case the principal do not render himself a prisoner; but in criminal cases, it is that he appear and answer, and not depart without licence, which certainly seems to look to nothing beyond his presence in Court. Even were this doubtful, the form of the proclamation by which he is required to "come forth and appear," and the bail "to bring forth the body," shews the precise nature and extent of the engagement. The forms of law are the land marks of its substance; and many of these, it is to be regretted, are fast disappearing in the looseness of our practice. Here the bail was substantially subjected to the punishment of the prisoner: a matter to which his liability did not extend. In England it is sometimes the practice in cases of felony that may affect life or member, to take the recognizance to answer *body* for *body*, but even there, the condition renders the bail liable, not to the punishment of the prisoner, but to a fine. *Hawk. B.* 2, *ch.* 15, §83. The only difficulty that seems to have been made in any case, grew out of a literal adherence to the words which import that the prisoner shall *answer;* and hence a doubt where he obstinately stood mute, or asserted his privilege as a clerk, whether the bail should not be amerced. But the doubt has long ceased; and it is now agreed that if the bail, who are the prisoner's goalers, put his person as effectually within the power of the Court as if he had been in the custody of the proper officer, they have fulfilled their engagement. *Id. sect.* 84. There is no instance where the recognizance is a security for the costs of prosecution at the common law; and but a few where it is made so by statute. *Hullock's law of costs,* 528. Here the prisoner had been in attendance all along, and answered when called on her recognizance; and in addition to this, the forfeiture was declared after the recognizance had expired.

It is said the recognizance was the only means to which the Court could have recourse to enforce the verdict. Had it not by implication, every power that was necessary to carry the delegated power directly into execution? Recognizances being for an appearance at the *next*, and not at every succeeding sessions, are to be discharged at the end of the term, by committing the

, (Keefhaver *v.* Commonwealth,)

prisoners, delivering them on new bail, or setting them at large. But to avoid the trouble of renewing the security, it is sometimes the practice when the bail consent, to forfeit the recognizance and respite it till the next term, and this answers the purpose perfectly well. What then was the condition of the prisoner here? Being in Court and not entitled to be discharged, she was in default of payment, to be committed in execution. The doubt arises from the legislature having thought fit to provide expressly for the commitment of a prosecutor ordered to pay costs, without having repeated the provision as it respect a defendant. But we must bear in mind that a prosecutor is not a party originally implicated, and an express power to commit him might be thought necessary to quiet doubts as to the proper manner of enforcing the verdict. Such is not the case of a defendant. He has indeed been acquitted, but not so as entirely to remove every imputation of guilt, and a verdict for the costs of prosecution has been substituted for a full conviction. So that as to him, sentence and commitment are the natural and necessary consequences. In either case, however, a power to commit is an incident of the power to sentence, and a special grant of it in the case of a prosecutor was probably thrown in as a measure of extreme caution ; or the difference may have been entirely accidental. But whatever may have been the remedy, it is sufficient that to render the bail liable for the costs of prosecution, was neither the object nor the legal effect of the recognizance.

HUSTON, J.—Dissented.

Order of the Sessions reversed,