State v. Leopold Loeb et als.

### No. 172.—STATE *v.* LEOPOLD LOEB et als.

21    599
e122   861

An order of the judge authorizing the sheriff to discharge the prisoner on giving bond, in a fixed amount, is a sufficient authority to the sheriff to receive the bond and file it in court, and the sureties on the bond having obtained the prisoner's release, on this construction, are debarred from setting up this defense in a suit for the forfeiture of the bond.

The condition in a bond of release "that the prisoner shall not depart without leave of the court," will bind the sureties, although the offense is not accurately described in the body of the bond.

APPEAL from the District Court, parish of Caddo.  *Levisee,* J. *James S. Ashton*, District Attorney, for the State.  *R. J. Looney,* for defendants and appellants.

Howe, J.  Leopold Loeb was indicted for willfully and maliciously setting fire to and burning a dwelling house of one Eberstadt, in the night time, the house being occupied, in part, as a dwelling by one Rodmore, and in part as a store by the accused.

He was tried and the jury failed to agree.  He applied, by writ of *habeas corpus*, for the privilege of bail, and the judge *a quo* made an order that he be admitted to bail in the sum of $3000, and that the sheriff be authorized to take the bond.  He then applied for a reduction of bail, and the judge, setting aside his previous order, made the following:

"That the sheriff of Caddo parish be authorized to discharge said Loeb from custody on his giving bail, conditioned as the law directs, in the sum of two thousand dollars ($2000)."

The bond was given with the appellants as sureties, and the accused having failed to appear for trial, judgment was rendered on the bond against the principal and the appellants for the amount thereof, with costs.

The appellants assign for error:

*First*—That there is no bond given by and with the approval of the District Court or certified by the judge of said court.

*Second*—That the bond was not taken by any person authorized to take or approve the same.

*Third*—That the bond was given for and on the condition that the principal appear and answer to a different charge from that found in the bill of indictment, and to a charge that does not violate any criminal law of Louisiana.

As to the first and second objections, it appears by the order quoted that the judge fixed the amount of the bond, and authorized the sheriff to release the accused upon the bond being given.  It would seem that an authority to discharge a prisoner upon a bond being furnished in an amount fixed, included an authority to receive the bond and file it in court.  Be this as it may, however, the facts of this case are quite as strong against the appellants as those in the State *v.* Ainslie, 13 Ann. 298.  In that case it was held that the sheriff, or even his deputy, in

whose custody the accused was when the order, designating no person to take the bond, was rendered, might take it; and that neither the accused, nor his sureties, who, by so construing the order, have obtained the former's release, can gainsay a construction on which they have themselves acted.

It is strenuously contended by the counsel of appellants that this decision is incorrect and ought to be overruled, but an examination has satified us of its correctness, and we consider it conclusive of this branch of appellant's case. The first and second grounds, therefore, upon which they ask for a reversal of the judgment cannot be maintained.

Nor do we think the third point is tenable. The bond recites that " a charge has been exhibited against the above named L. Loeb by the State of Louisiana for the crime of *arson*." The word arson has an unmistakable meaning. It is the voluntary and malicious burning of the house of another. Chitty on Criminal Law, p. 1121. With this offense the accused in this case was charged, and it is doubtful whether, under the law of 1858, under which the indictment was found, he was charged with anything more. See Acts of 1858, §§ 1, 2, 3.

But, in the case of Ainslie, cited above, where the accused was charged with uttering and publishing a false and forged order, and the bond recited only a charge of forgery, the court said that, if the offense was not accurately described, " still the condition was also that the accused should not depart without leave of the court, and having violated this condition of the bond, he and his sureties are equally bound," and cited State *v.* Redding, 8 Ann. 79, which, in turn, refers to 1 Chitty, Criminal Law, 103.

In the case at bar the bond contains the same condition.

For these reasons it is ordered and adjudged that the judgment appealed from be affirmed with costs.