# THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

# URBAN D. MEACHAM.

1. SCIRE FACIAS — *sufficiency of proof on plea of nul tiel record.* On plea of *nul tiel record* to a *scire facias* upon a forfeited recognizance, if the recognizance, with the certificate of the magistrate attached and the indorsements on it, together with the indictment, and the record of its return into court, and the judgment declaring a forfeiture, are read without any specific objections, this will sustain the issue on the part of the people.

2. RECOGNIZANCE — *validity of, does not depend upon the original charge being the one for which the indictment is found.* It matters not whether the principal in a recognizance was examined on the charge for which he is indicted or some other, provided it was for a bailable offense. If examined for any offense which is bailable, the recognizance will be good.

3. SAME — *certificate of justice.* The certificate of a justice of the peace to a recognizance that it was taken, entered into and acknowledged before him is sufficient.

4. SCIRE FACIAS — *plea denying official character of justice.* In a *scire facias* upon a recognizance, a plea that the committing magistrate was not a justice of the peace amounts to nothing. By entering into the recognizance, the cognizor admits the official character of the person making the commitment, which cannot be inquired into collaterally.

5. BURDEN OF PROOF — *death of principal in recognizance.* On a plea of the death of the principal in a recognizance, the burden of proof rests upon the defendant.

Writ of Error to the Circuit Court of Stephenson county; the Hon. Benjamin R. Sheldon, Judge, presiding.

This was a *scire facias* upon a recognizance entered into by one Thomas H. Needham, as principal, and Urban D. Meacham as surety, before Abraham T. Green, a justice of the peace, for the appearance of Needham before the circuit court to answer a charge for an assault with intent to commit a bodily injury, without stating upon whom or with what instrument. The certificate of the justice was as follows:

" Taken, entered into and acknowledged before me this 26th day of August, 1865.

"A. T. Green, *J. P.*"

The recognizance was marked " filed Sept. 4, 1865, E. P. Hodges, clerk."

The record showed the finding and return by the grand jury of an indictment against Needham for an assault upon Isaac Zortman, with a deadly weapon, to wit, a pistol, with intent to inflict upon Zortman a bodily injury, without any considerable provocation therefor.

The defendant Meacham, alone, was served, and pleaded *nul tiel record*, and several other pleas, the second and fourth of which were, that Needham was not examined before Green upon the charge of unlawfully making an assault upon Zortman with a deadly weapon, etc., as stated in the *scire facias.* The fifth denied that Green was a justice of the peace of the county. The sixth denied that Green made a certificate that the recognizance was taken and approved by him, and alleged that he did not certify the same to the clerk of the circuit court on or before the next term. The other facts of the case are found in the opinion of the court.

Mr. James K. Edsall, Attorney General, for the People.

Mr. U. D. Meacham, *pro se.*

Mr. Justice Breese delivered the opinion of the Court :

This was a proceeding by *scire facias*, in the circuit court of Stephenson county, on a forfeited recognizance entered into by Urban D. Meacham, as surety, for the appearance of Thomas H. Needham, to answer a charge of an assault with intent to commit a bodily injury.

Meacham was duly served, and appeared and pleaded several pleas, on which issues were made up and tried by the court, by consent, without a jury. The court found the issues for the defendant and rendered judgment that the defendant be discharged from his recognizance herein.

Proper exceptions were taken on behalf of the people, and the record brought here by writ of error.

The first point made is on the plea of *nul tiel record.* We are satisfied this plea was not sustained by the evidence. The recognizance, with the certificate of the magistrate attached, and the indorsements upon it, together with the finding of the indictment, and of its return into court, and the judgment of the court declaring the forfeiture, were all read in evidence without any specific objection by the defendant, and sustained the issue on this plea in favor of the people.

Pleas numbered two and four presented immaterial issues, on which the court should have found for the people, if they were considered by the court.

It was held by this court in *O'Brien* v. *People,* 41 Ill. 456, that it mattered not whether the principal was examined or not before the justice who committed him, upon that charge or some other, provided it was a bailable offense. It was of no importance what the offense charged against the principal may have been, if it was bailable. The only important question is, did the cognizor undertake his principal would appear and answer to the charge.

The plea that the committing magistrate was not a justice of the peace, amounts to nothing. The cognizors admitted by their undertaking that he was a justice of the peace, and the

inference is, from the recitals in the recognizance, that the officer was acting as a justice of the peace — he was *de facto* a justice of the peace, whether rightfully or not cannot be inquired into in a collateral proceeding.

As to the seventh plea, we see no objection to the certificate of the justice of the peace; it is all the law requires, (*Lawrence* v. *The People,* 17 Ill. 172,) and the clerk's indorsement of filing is all sufficient.

As to the eighth plea, which avers the death of the principal, no proof was offered on this fact — the *onus* was on the defendant, and he should have maintained it by sufficient proof.

The court erred in rendering judgment for the defendant Meacham, and it should be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE McALLISTER: I do not concur. The offense with which the principal was charged was not bailable. It was one of which the justice had exclusive jurisdiction. Hence he had no authority to take bail. It was for a simple assault, and the justice should have tried the accused instead of taking bail, he being the only officer or court authorized to take jurisdiction. In my opinion the recognizance was void, and the court below decided correctly in so holding.

Mr. JUSTICE SHELDON took no part in the decision, having decided the case below.