Syllabus.

## SAMUEL P. MOONEY

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECOGNIZANCE—*discrepancy in date and approval.* A discrepancy in the date of a recognizance taken by a sheriff for a party's appearance to answer an indictment, and of its approval, as, where the latter is one day prior to the date of the instrument, is unimportant, as it becomes a record only from the time it is filed in the clerk's office.

2. SAME—*recital of indictment.* A recognizance which states that an indictment had been found by the grand jury of the proper county, and that the court required a bond for the appearance of the defendant, is substantially good. An omission to state the day, year and term at which the indictment was found, is of no importance.

3. SAME—*misdescription of offense.* It is no valid objection to a recognizance, that it recites the finding of an indictment for larceny only, when, in fact, it was for burglary and larceny. If it binds the defendant also to abide the order and judgment of the court, and not depart the same without leave, this will require the accused to appear and answer any other charge that may be preferred.

4. SAME—*mistake as to date of first day of term.* If the undertaking in a recognizance in a criminal case is for the appearance of the accused on the first day of the next term of the court, a mistake as to the day of the month is immaterial, as he must take notice of the day on which the term commences.

5. SAME—*who may object.* Where the blanks in a printed form of recognizance are filled up by a party to it, he can not object to any insufficiency arising from the filling of the blanks, even though the objection be substantial in its character.

6. SAME—*proof as to indictment.* The production of an indictment against A and B is proof of an indictment against B, in a *scire facias* upon a recognizance given by him. The indictment is several as to each.

7. PLEADING—*nul tiel recognizance. Nul tiel recognizance* is not a proper plea in *scire facias* upon a recognizance. The action, being upon a record, is fully met by the plea of *nul tiel record.*

WRIT OF ERROR to the Circuit Court of Shelby county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Mr. J. C. ESSICK, and Messrs. MOULTON & CHAFFEE, for the plaintiff in error.

Mr. L. B. STEPHENSON, State's Attorney, for the People.

Mr. JUSTICE BREESE delivered the opinion of the Court:

At the January special term, 1874, of the Shelby circuit court, an indictment was presented against Thomas B. Abernathy and John Mooney, for burglary and larceny, and bail required, by order of the court, in the sum of two hundred dollars for each defendant.

A *capias*, directed to the sheriff of Christian county, was issued against the defendants, with the indorsement of bail, requiring their appearance at the next term of the Shelby circuit court, which was duly served by arresting John Mooney. John Mooney thereupon, with S. P. Mooney, the plaintiff in error, appeared before the sheriff and entered into a recognizance, bearing date September 12, 1874, conditioned that, " if the above bounden John Mooney shall personally be and appear before the circuit court of Shelby county on the first day of the next term thereof, to be holden in the court house in Shelbyville, on the second day of October, 1874, and from day to day thereafter until discharged by order of said court, then and there to answer to the said People, etc., on the said indictment of larceny, and then and there, etc., otherwise," etc.

This recognizance was duly taken and approved by the sheriff of Christian county, and returned to the clerk's office of the circuit court of Shelby county, and there by him filed on the 15th of September, 1874, and thereby made a record of that court.

At the October term, 1874, the defendant failing to appear, this recognizance was duly estreated, and a *scire facias* ordered to issue to show cause why final judgment and execution should not be had.

On November 19, 1874, a writ of *scire facias* was duly issued, and served upon S. P. Mooney, returnable to May term, 1875.

At the May term, S. P. Mooney appeared and pleaded *nul tiel record* and *nul tiel recognizance*, on which issues were made up and tried by the court by consent, and judgment

rendered against S. P. Mooney for the amount of the recognizance and costs.

To reverse this judgment, this writ of error is prosecuted, and various errors assigned, none of which do we consider of any force.

The first objection is, that the recognizance bears date September 12, 1874, and is certified by the sheriff as taken, entered and approved September 11, 1874, one day before its execution.

The recognizance was a printed form, and the vacant spaces filled in, evidently, by the surety in the bond, this plaintiff in error. He, intentionally or otherwise, inserted the wrong date either in the recognizance or in the officer's approval, but this is unimportant, as it became a record only from the filing in the clerk's office, which was on September 15, 1874. The omission in the bond to state the day, year, and term at which the indictment was found, is of no importance. It states an indictment had been found by the grand jury of Shelby county, and that the court required a bond for the appearance of the defendant. The bond appears to have been filled up by a party to it, the surety, and he can not make this objection, if substantial. It is enough that the recognizance recites an indictment had been found against John Mooney for larceny. But it is said the indictment was for burglary and larceny, and the recognizance is to answer a charge of larceny.

It was said, in *Chumasero* v. *The People*, 18 Ill. 406, *Garrison* v. *The People*, 21 ib. 535, and *O'Brien et al.* v. *The People*, 41 ib. 456, it was unnecessary to aver or prove that an indictment was ever found, to render the recognizors liable on a default by the principal. The condition of this recognizance is not only to appear and answer an indictment for larceny, but to abide the order and judgment of the court, and not depart the same without leave. This bound the party to be and appear at court, and remain there, to answer any other charge that might be preferred, which is one of the objects of a recognizance. *O'Brien et al.* v. *The People, supra.*

It is objected that the recognizance named the second day

of October as the first day of the next term.  This is immaterial.  The undertaking is, to appear on the first day of the next term, whatever date that may be, and that must control.  Every person is bound to know that day, at his peril.

An indictment against Abernathy and John Mooney was proof of an indictment against the latter, to which the law required him to answer, and was several as to him.

We perceive no error in this judgment.  It may be observed that the plea of *nul tiel recognizance* was not a proper plea in this action.  The action being upon a record, it was fully met by the plea of *nul tiel record*.  The other plea is superfluous, and is not good pleading.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*