COMMONWEALTH *vs.* JOHN J. TEEVENS & others.

Suffolk.   Nov. 11, 1886. — Jan. 5, 1887.   HOLMES & GARDNER, JJ.,
                                    absent.

On a complaint in a municipal court, charging A. with the crime of adultery, A. entered into a recognizance with sureties, which recited the fact of his arraignment before that court, and was conditioned that he should appear before the Superior Court at the next term thereof, "to answer to said complaint, and abide the order and sentence of the court thereon, . . . . and not depart without leave." In an action, on the recognizance, against the sureties, it appeared that the grand jury, at the term to which A. recognized to appear, found an indictment against him for lewd and lascivious cohabitation; that he pleaded guilty, but did not appear when called for sentence; and that both he and his sureties were defaulted. *Held*, that there had been a breach of the recognizance.

CONTRACT against the sureties on a recognizance, which recited that Silas F. Washburn had been brought before the Municipal Court of the South Boston District in the city of Boston, on a complaint charging him with the crime of adultery, and was conditioned that he should personally appear before the Superior

Court for the transaction of criminal business next to be holden at Boston, at April term, 1885, " and then and there to answer to said complaint and abide the order and sentence of the court thereon, and also in like manner personally appear at any subsequent term of said court to which the proceedings in the premises may be continued, if not previously surrendered or discharged, and so from term to term until the final decree, sentence, or order of said court thereon, and abide such final sentence, order, or decree of said court thereon, and not depart without leave."

Trial in the Superior Court, before *Blodgett*, J., who reported the case for the determination of this court, in substance as follows:

Said complaint (which charged Silas F. Washburn with the crime of adultery, and with no other crime) and the recognizance were duly certified and transmitted to the Superior Court, and entered of record therein.

At the same term, the grand jury found, and returned to said court, an indictment against said Washburn and another jointly for "lewd and lascivious cohabitation." To this indictment, Washburn duly appeared, and pleaded not guilty. On April 30, he again appeared and pleaded guilty, and on May 22 he was called for sentence on the same, and, not appearing, both he and his sureties were solemnly called respectively to answer and bring in said Washburn according to the tenor of said recognizance, and, not appearing, were defaulted severally on the record. It was admitted that Washburn had gone out of the country.

The defendants contended that the action could not be maintained, for the following reasons: " 1. Because the lower court, not having jurisdiction of the offence set forth in the complaint, had no authority to recognize the defendant to answer to that complaint. 2. Because said complaint was abandoned by the government, whereby the defendant and sureties were discharged. 3. Because, if said complaint was properly and in due time entered of record, no action or proceedings thereon were ever taken. The defendant has never had an opportunity to answer thereto; accordingly, there has as yet been no default, and therefore no breach of the recognizance."

The judge ruled that there was a breach, in that the recognizance bound the principal not only to appear and answer the

specific complaint, but to appear and abide the final order of the court thereon, and not to depart without leave.

The judge found for the plaintiff in the penal sum of the recognizance.

If the defendants were liable according to the above ruling, judgment was to be entered accordingly; otherwise, judgment for the defendants.

*J. A. McGeough*, for the defendants. 1. The express stipulation in the recognizance is, that Washburn, the principal therein named, shall appear before the Superior Court and answer to the complaint for adultery; and the default of Washburn, on May 22, on the indictment for lewd and lascivious cohabitation, was no breach of this recognizance. The liability of a surety cannot be extended beyond the condition of the bond. *A fortiori*, the same is true, being in favor of liberty, as to a recognizance. *Boston Hat Manufactory* v. *Messinger*, 2 Pick. 223, and cases cited. *State* v. *Forno*, 14 La. An. 450.

2. If the government substituted said indictment for the complaint, then the complaint was abandoned, and the sureties, as well as the principal on said recognizance, were thereby discharged. Any material change or variation in the terms or condition of the contract releases the sureties and avoids the bond. *Miller* v. *Stewart*, 9 Wheat. 680. *Reese* v. *United States*, 9 Wall. 13, 21. *Doane* v. *Eldridge*, 16 Gray, 254. *Commonwealth* v. *Field*, 9 Allen, 581. *Richards* v. *Storer*, 114 Mass. 101. *People* v. *Lafarge*, 3 Cal. 130.

3. If the complaint be still pending, then there has been no failure as yet to perform the condition of the recognizance, because *non constat* that the principal has yet been called on said complaint. Even if the principal has absconded, there can be no legal default without being called to answer said complaint. *United States* v. *Rundlett*, 2 Curt. C. C. 41. *Dillingham* v. *United States*, 2 Wash. C. C. 422. *State* v. *Chesley*, 4 N. H. 366. *State* v. *Grigsby*, 3 Yerg. 280. *White* v. *State*, 5 Yerg. 183. *Park* v. *State*, 4 Ga. 329.

4. The recognizance is void, because it does not sufficiently appear that said Municipal Court " was authorized by law to require and take such recognizance." Pub. Sts. *c.* 212, § 63. Not having jurisdiction of the offence, it had authority to require and

take such recognizance only upon examination and the finding of "probable cause to believe the prisoner guilty," neither of which appears. Simply ordering the defendant to recognize is not enough. The cause must be shown and appear of record. *Smith* v. *Bean*, 130 Mass. 298. *People* v. *Koeber*, 7 Hill, 39. *State* v. *Smith*, 2 Greenl. 62. *State* v. *Hartwell*, 35 Maine, 129. See Beardsley, J., in *People* v. *Kane*, 4 Denio, 530.

*E. J. Sherman*, Attorney General, for the Commonwealth.

DEVENS, J. The recognizance bound the principal to appear before the Superior Court to answer to a complaint for the crime of adultery. He was not in fact indicted in the Superior Court for that crime, but for lewd and lascivious cohabitation. Had an indictment been substituted for the complaint for the same offence as that therein described, the defendant contends that, as the principal could not have been tried in the Superior Court upon the complaint, (the offence being one of an indictable character,) the lower court had no authority to recognize the defendant to answer thereto, but should have required him to answer any indictment for the offence ; and that the recognizance is therefore invalid. This contention cannot be maintained. The cases of *Commonwealth* v. *Slocum*, 14 Gray, 395, and *Commonwealth* v. *Butland*, 119 Mass. 317, are quite decisive that a recognizance in this form is valid and sufficient, and binds the defendant to appear and answer any indictment for the same offence charged in the complaint.

Nor should we be prepared to say, that, if the recognizance were limited to appearing and answering to a specified offence, it would not equally bind the defendant to appear and answer to any offence which might substantially be included in the offence described in the complaint, even if of a lower grade ; as, in the case at bar, if the defendant were charged in the indictment with lewd and lascivious cohabitation with the same person with whom he was alleged in the complaint to have committed adultery. We do not find it necessary to consider this inquiry, as the breach of the recognizance claimed by the Commonwealth is that the defendant departed without leave of court ; and this is in itself a distinct breach of the recognizance. He and his sureties were called and defaulted upon his recognizance. The Superior Court ruled that the recognizance bound the principal

defendant, not merely to appear and answer the specific complaint, but to abide the final order of the court, and not to depart without leave. The condition of the recognizance is in the form prescribed by the Pub. Sts. *c.* 212, § 53, and the provision that the conusor shall not depart without leave of court is very ancient, and has been many times held to be separate and distinct from those which bind him to answer to the specified charge, or to all matters which may be alleged against him, (a clause which is found in many recognizances,) or to stand to and abide the final order and decree of the court thereon.

Even if the principal would be entitled to a discharge, no indictment being found against him, he has no right to decide the question for himself, even if his decision is such as the court would have made. He must apply to the court, or wait until, by proclamation at the end of the term, which is the custom of some tribunals, or in some other mode, he is informed that he has leave to depart. Crown Cir. Comp. 46. To hold otherwise, as was said by Chief Justice Ewing in *State* v. *Stout*, 6 Halst. 124, 133, is to substitute "the cause for the effect; a ground of discharge for the actual discharge; a reason for absolving him from the recognizance for the absolution itself."

Again, the object of the provision that the conusor shall not depart without leave of court is, that he may be held to answer any charge which may be alleged against him, even if it be different from the specific charge originally made. As bail is substituted for imprisonment, the court still retains over the party giving bail the same rights which it would have had were he in actual custody. It was formerly urged, that, if the conusor, being brought into court, should stand mute, his sureties were liable. In answer to this view, it is said, in Bac. Abr. Bail (L): " If a man's bail, who are his jailers of his own choosing, do as effectually secure his appearance, and put him as much under the power of the court as if he had been in the custody of the proper officer, they seem to have answered the end of the law." It is said by Chitty : " If, however, the sureties are bound by recognizance, that a defendant shall appear . . . . the first day of such a term to answer to a particular information against him, and not to depart till he shall be discharged by the court, and afterwards the Attorney General enters a *nolle prosequi* as to that

information, and exhibits another on which the defendant is convicted, and refuses to appear in court after personal notice, the recognizance is forfeited by the default, for, being express that the party shall not depart till he be discharged by the court, it cannot be satisfied unless he be forthcoming and ready to answer to any other information exhibited against him before he receives his discharge, as much as to that which he was particularly bound to answer." 1 Chit. Crim. Law, (2d ed.) 105. *The Queen* v. *Ridpath*, 10 Mod. 152. 2 Hawk. P. C. *c*. 15, § 84. This rule has been repeatedly followed. Indeed, it would seem that, if the only object of the clause that the defendant should not depart without leave was to detain a party who had been properly held to bail to answer a specific charge, so far as that charge is concerned it would be unnecessary. It is necessary because, having been held to bail, the defendant is deemed to be as much in the custody of the court as if actually imprisoned. In *State* v. *Stout, ubi supra*, the authorities are carefully considered, and a similar result is reached. See also *People* v. *Stager*, 10 Wend. 431; *People* v. *Clary*, 17 Wend. 374; *Keefhaver* v. *Commonwealth*, 2 Pen. & W. 240; *Starr* v. *Commonwealth*, 7 Dana, 243. If the provision that the conusor shall not depart without leave is a substantive part of the recognizance, in an action upon it for forfeiture by reason of such departure it is not an answer to say that the defendant might have obtained his discharge from the court, either because nothing was alleged against him by indictment, or because he was not indicted for the same offence as that upon which he had been bound over. Certainly, had the conusor been in actual imprisonment, he would not have been released when other offences were alleged against him by indictment, without recognizing to answer the same; nor, under similar circumstances, would he, when brought into court by his bail, or appearing there in person, have had leave to depart except upon similar terms. We are therefore of opinion that the Superior Court correctly ruled that, by the default of the conusor, the recognizance was forfeited, as he was bound not only to appear and answer the specified charge, but also not to depart without leave.

The defendant further contends, that it does not sufficiently appear that the Municipal Court of the South Boston District was authorized to take this recognizance, as its authority was

only to do so in a case of which it did not have final jurisdiction, upon examination and the finding of probable cause to believe the prisoner guilty, neither of which appears by the recognizance. The Pub. Sts. c. 212, § 63, provide that no action upon a recognizance shall be defeated or barred "by reason of a defect in the form of the recognizance, if it sufficiently appears from the tenor thereof at what court the party or witness was bound to appear, and that the court or magistrate before whom it was taken was authorized by law to require and take such recognizance." As we know judicially that the court by which the recognizance was taken was one authorized, upon proper proceedings, to require and take recognizances for appearance before the Superior Court of those charged with crimes there properly cognizable, it is not necessary, under this statute, that such a recognizance should recite in detail all the proceedings of the court. The act done was one clearly within its lawful authority. The strictness and nicety of the practice at common law, which was adopted in some of our earlier cases, was much altered and modified by the Rev. Sts. c. 135, § 30, on which the existing statute is founded. *Commonwealth* v. *Nye*, 7 Gray, 316.

*Judgment affirmed.*