Thomson, J.,
delivered the opinion of the court.
This is an action on a criminal recognizance, for the appearance of Thomas Moffitt, before the district court of San Miguel county, on the first day of its October term, 1886. The recognizance, which is set forth in full in the complaint, is in the following words :—
“ State oe Colorado, ) “ San Miguel County. } ss'
“ This day personally appeared before the undersigned, Albert Holmes, a justice of the peace in and for said county, Thomas Moffitt, J. H. E. Waters and George Fisher, and jointly and severally acknowledged themselves to owe and be indebted unto the People of the State of Colorado in the sum of fifteen hundred dollars, to be levied of their goods and chattels, lands and tenements, if default be made in the premises and conditions following, to wit:
“ Whereas, the above bounden Thomas Moffitt, on the 24th day of September, 1886, was examined by and before Albert Holmes, a justice of the peace in and for the county aforesaid on a charge preferred against him for breaking and removing from the Sheridan mine certain ores, the property of Nicholas, Sewell & Co., and upon defendant waiving examination it was adjudged and required by the said justice to give bonds as required by the statute in such case made and provided, for his appearance to answer said charges.
“ Now the condition of this recognizance is such, that if the above bounden Thomas Moffitt shall personally be and appear before the district court of the said county of San Miguel, on the 1st day of the next term to be holden in the court house in Telluride, on October 11, A. D. 1886, and from day to day thereafter until discharged by order of said court, then and there to answer to the said People of the State of Colorado on said charge of breaking and removing ore as aforesaid, and abide the order and judgment of said court, and not depart the same without leave, then and in that case *99 this recognizance to become void, otherwise to he and remain in full force and virtue.
“ As witness our hands and seals, this 24th day of September, A. D. 1886. Thomas Moeeitt, (Seal.)
J. H. Ernest Waters, (Seal.)
George . L. Fisher, (Seal.) ”
The only question to be determined arises upon demurrer to the complaint. The objection made to the recognizance is that it does not specify any offense upon which a criminal prosecution can be based, and is therefore void. The determination of this question disposes of all the errors assigned. Is it essential to the validity of a criminal recognizance that it should state the charge upon which the party accused is held?
The following are our statutory provisions upon that subject:
“ It shall be lawful for any of the aforenamed judges or justices of the peace, upon oath or affirmation being made before him, that any person or persons have committed any criminal offense in this state, or that a criminal offense has been committed, and that the witness or witnesses have just and rear sonable grounds to suspect that such person or persons have committed the same, to issue his warrant under his hand, commanding the officer or person charged with the execution thereof, to arrest the person or persons so charged, and bring him, her or them before the officer issuing such warrant, or in case of his absence, before any other judge or justice of the peace; the said judge or justice of the peace, before whom any person shall be brought in pursuance of such warrant, or shall be brought without warrant, and charged with any criminal offense, before he shall commit such prisoner to jail, admit to bail or discharge him or her from custody, shall inquire into the truth or probability of the charge exhibited against such prisoner or prisoners, by the ’oath of all the witnesses attending; and shall, upon consideration of the facts and circumstances then proved, either commit such person or persons so charged to jail, admit him or them to bail, discharge *100 him or them from custody. * *' * All recognizances taken in pursuance of this section shall require the accused to appear at and on the first day of the next district court, or if the court he then sitting, on some day of the term to be therein designated.” Section 978, Gen. Stats. 1883.
As will be seen no form of recognizance is prescribed. The only condition required is, that the accused appear in court at a time specified; so that we are remitted in the discussion of the question to general principles.
In State v. Randolph, 22 Mo. 474, the bond was very similar to the one before us; the only difference being that in that case the charge was contained in the condition, instead of the body of the obligation. By the terms of that recognizance Robert D. Randolph and Robert Randolph acknowledged themselves to owe to the State of Missouri $250 each, if they should fail in the condition underwritten. The condition was that if Robert D. Randolph should personally appear at the circuit court of Callaway county, on the first day of its next term, to answer an indictment to be preferred against him for assault, etc., whereof he was charged, and not depart the same without leave, the recognizance to be void, otherwise to be in force.
It was objected there, as here, that the recognizance was invalid, because it did not charge the principal obligor with any offense known to the law. The court in discussing the question raised, quotes from Sarjeant Hawkins, (PI. Cr.,) as follows:—
“ If persons be bound by a recognizance that J. S. shall appear in the K. B., in such a term, to answer such an information against him, and not depart till he shall be discharged by the court, and afterwards the attorney general enter a nolle prosequi as to that information, and exhibit another upon which the defendant is convicted, and he refuses to appear in court after personal notice, the recognizance is forfeited. For, being express that the party shall not depart till he be discharged by the court, it cannot be satisfied unless he be *101 forthcoming and ready to answer any other information exhibited against him while he continued undischarged.”
Reasoning from this, the court reaches the conclusion that a recognizance is good without specifying any charge ; and that if it attempts to describe a charge, and the one stated does not constitute an offense, the words descriptive of the charge may be disregarded; thus making the instrument a recognizance to answer generally to any indictment against the party, on account of the insertion in it of the words “ not to depart,” etc. We do not think the citation quoted, warranted the court in this conclusion. The language of Hawkins plainly contemplates the insertion in the bond of a particular charge, to which the party must appear and answer ; although it is further stated that if a nolle prosequi be-entered as to that, the conditions of the obligation are still unsatisfied, unless the party be forthcoming to answer any other information exhibited against him, while he remains undischarged. This, in our estimation, impairs the value of the case as an authority.
Opposed to the doctrine of State v. Randolph, is an array of decisions holding that the authority to take a recognizance should plainly appear upon its face, by a specification of the charge which is made against the party; and that, without such specification, the recognizance is void. Commonwealth v. Downey, 9 Mass. 520; Commonwealth v. Daggett, 16 Id. 447; Goodwin v. Governor, 1 Stew. & Port. (Ala.) 465; People v. Sloper, 1 Id. 158; State v. Forno, 16 La. Ann. 454; Nicholas v. State, 2 Ga. 363. See also, Archbold’s Cr. Pr. & Pl., 8th ed. 189, 190.
The sole authority possessed by a justice to hold a party to bail for his appearance in a court of criminal jurisdiction is contained in section 978 of the General Statutes, which we have quoted. That section prescribes certain conditions upon which a recognizance may be required. Among these is a preceding charge of a criminal offense against the person held. Without such charge the justice has no jurisdiction to exact or take a recognizance, and a recognizance so taken *102 is void. A recognizance is an instrument which must be complete within itself; and it must therefore appear upon its face that the justice has authority to require it. As that authority grows out of a criminal charge, it follows that the charge must be recited in the recognizance. It need not be set out with the same technical particularity required in an indictment, but the words used must import a violation of a criminal law. The instrument before us recites a charge of “ Breaking and moving from the Sheridan mine, certain ores, the property of Nicholas, Sewell & Co.” Manifestly this is not a charge of a criminal offense, or one, even, from which a criminal offense can be implied. The ore may have been rightfully broken and removed by Moffitt as employee of the owners, or under claim of ownership in the mine, and while in its possession; Certainly there is no presumption of criminal intent in the acts charged, nor are they indictable. The justice had no authority of law to hold him to bail for his appearance to answer a charge like this, and as the want of authority appears upon the face of the instrument, it is void. The demurrer was overruled, and judgment entered against the obligors, whereas it should have been sustained. The judgment will therefore be reversed.

Reversed,