The opinion of the court was delivered by
Miller, J.
The defendant, sentenced for attempting to extort money by threats, takes this appeal.
The question raised by the motions to quash and in arrest of judgment is the constitutionality of the legislative act No. 63 of 1884,. under which the indictment was preferred. It is urged that the act violates Art. 29 of the Oonstitution, requiring the legislative act to' embrace but one object, and that to be embraced in its title.
The object of the statute is to define the offence of attempting to extort money by threats or other unlawful devices,'as the title expresses it. Our predecessors deemed an act of the same character,, and of nearly the same language, an instance of obscure legislation,, and held it to be unconstitutional because of the objection urged to this act. Act No. 64 of 1884; State vs. Heywood, 38 An. 689, The statute for consideration is one long section and does require very close examination to determine' its scope and purpose. We understand it to make it an offence to send or cause to be sent to another any letter, postal card or written or printed matter threatening to accuse him or her of crime, misdemeanor, fault, infirmity, etc., or to make known any such faults, misfortunes or failings, or to injure his or her good name or reputation, or to cause him to be subjected to any public scandal, or shall threaten to kill, wound or murder him or her, or subject him or her to any bodily harm with intent to extort money, property, or to procure the release of any benefit, advantage or immunity. The statute then makes it an offence to maliciously follow, pursue, or intrude upon another at his. home, residence, office, or any public place, with the intent already *1532 specified, to extort money, and the statute farther proceeds with greater amplitude of language than that used in the first part of the statute to define the offence of threats of wounding, killing, maiming or inflicting bodily harm on another, or molesting or troubling .him, or of accusing him of crime, misdemeanor or faults, or to make .known his faults, misfortunes or failings, or to injure or impair his •good name, or subject him to scandal, ridicule or unpleasant notoriety, with the same intent already stated, i. e., to extort money, property or procure the release of any right, advantage or immunity. The statute might be better constructed and it seems to contain repetitions. Substantially, however, it defines the offence of attempting to extort money by threats or other unlawful devices.
The object of the statute was to define and punish the attempt to extort money or property by threats, threatening letters or other modes. The detail in the statute is to indicate the modes of attempts at extortion. The statute creates no offence apart from the attempts to extort. We can appreciate the objection under Art. 29 of the Constitution to the inclusion of two distinct crimes in one statute. We have no such grouping of separate offences, but the statute dealing with attempts to extort and merely specifies the modes of the offence. We can not therefore hold the statute obnoxious to Art. 29 of the Constitution as embracing more than one object.
The title of the act is to provide for the punishment of attempting to extort money or property, or valuable thing by means of threatening letters, threats or other unlawful acts or devices. The body of the act dealing with the offence specified in the. title and the modes of, accomplishing the offence is, we think, fairly expressed in its title. The act directs attention to the offence and modes of its perpetration and makes express mention of two of the prominent methods of extorting money. It was not' essential to specify all the modes in the title. Our jurisprudence is that the constitutional rule .as to the title of an act must be understood in a reasonable sense. We think that under the title to this act there is a sufficient indication of the object of the statute. Municipality vs. Michoud, 6 An. 605; Succession of Lanzetti, 9 An. 329, and a number of later decisions on same line.
It is therefore ordered, adjudged and decreed that the sentence <of the lower court be affirmed.