[No. 5992.]

## MARMADUKE V. THE PEOPLE.

1. **Recognizance—Sufficiency—**A recognizance must specify the charge against the party, otherwise it is void; but the offense need not be set out with the same particularity as in an indictment. The use in a recognizance of words which, in common usage, imports the infraction of a particular provision of the law, is sufficient. A recognizance taken by a magistrate conditioned for the appearance of the principal, upon "a charge of attempt to procure an abortion" is a valid obligation.—(358-360)

2. **Words and Phrases—**The words "abortion" and "miscarriage" are synonymous.—(359)

3. **Criminal Law—Common-Law Offenses—**There may be a conviction for certain common-law offenses, e. g., the procuring of an abortion.—(361)

*Appeal from Larimer District Court* — Hon.
CHRISTIAN A. BENNETT, Judge.

Mr. E. A. BALLARD, for appellants.

No appearance for appellees.

Mr. JUSTICE WHITE delivered the opinion of the
court:

This cause of action was a *scire facias* on a stat-
utory recognizance, executed by J. F. Ireland, as
principal, and the appellants here as sureties, con-
ditioned for the appearance of the said Ireland at the
September term, 1905, of the district court of Lari-
mer county, to answer to the people upon ''a charge
of attempt to procure an abortion.'' The recogni-
zance was taken by a justice of the peace following
a preliminary examination; and the principal not ap-
pearing in the district court, default was entered
against him and his sureties and the bond forfeited.
Thereupon *scire facias* was issued and served upon
appellants, but returned not found as to said Ireland.
Appellants interposed a general demurrer, which,
upon hearing, was overruled; and they electing not
to plead further, judgment was rendered against
them for $1,000.00, the penalty named in the bond,
from which this appeal is prosecuted.

The only question for determination is, whether
the recognizance referred to in the writ of *scire fa-
cias* named any offense whatever under the laws of
this state. That instrument shows that Ireland was
held to the district court to answer the charge ''of
attempt to procure an abortion,'' and it is insisted
that such charge is not a criminal offense, and there-
fore the *scire facias* is invalid and insufficient to sup-
port the cause of action.

It is argued that, under section 1209, Mills'
Ann. Stats., there can be no crime for attempt to pro-

cure a miscarriage or abortion unless it appear that the attempt was upon a woman with child. It is quite true that such facts are essential elements to constitute the offense, yet the word ''abortion'' has a distinct and definite meaning when used in judicial proceedings that necessarily implies all such essential elements. While the statute above cited does not use the word ''abortion,'' yet it does use its synonym, ''miscarriage.'' ''The word, 'abortion' is synonymous and equivalent to 'miscarriage' in its primary meaning.''—*Mills v. Commonwealth*, 13 Pa. (1 Harris) 631, 633.

'' 'Procuring an abortion,' in common language, means substantially the same as procuring a miscarriage.''—*State v. Crook*, 16 Utah 212.

Bouvier, in defining ''miscarriage,'' says:

''The expulsion of the ovum or embryo from the uterus within the first six weeks after conception. Between that time, and before the expiration of the sixth month, when the child may possibly live, it is termed abortion. When the delivery takes place soon after the sixth month, it is denominated premature labor. But the criminal act of destroying the foetus at any time before birth is termed, in law, procuring miscarriage.—Chitty, Med. Jur., 410; 2 Dungl. Hum. Phys. 364.''

Therefore it is clearly evident that abortion is miscarriage, and the two words in law are synonymous.

It is unquestionably true, as held in *Waters v. The People*, 4 Colo. App. 97, that the authority to take a recognizance should plainly appear upon its face, by a specification of the charge made against the party, and that without such specification, the recognizance is void; but it is there also held that the offense need not be set out with the same technical particularity, in the recognizance, as is re-

quired in an indictment. It is sufficient if the language used imports a violation of criminal law.—*Chase v. People,* 2 Colo. 528.

Whenever there is a word the use of which is commonly employed to designate a particular criminal offense, the use of such word is sufficient, when used in a recognizance, to show that an infraction of that particular public law is meant.—*Besimer v. The People,* 25 Ill. 439.

In *State v. Marshal,* 21 Iowa 143, 144, an action upon a bail bond which recited that the principal was "held to answer upon a charge of 'seduction'," it is said: "It is contended by the appellants that 'seduction' is not a crime, but there must be a debauching as well, and the female must be of previously chaste character. This is all true, but the bail bond is not an indictment, and need not contain the particulars requisite in an indictment. In our opinion, the offense was sufficiently designated."

In the case now under consideration, the words used not only imply a criminal offense, but is the ordinary and usual designation of such crime even by the courts and text writers.—*Dougherty v. People,* 1 Colo. 517; *Johnson v. People,* 33 Colo. 224, 233; Bishop's New Criminal Law, § 509; Bishop on Statutory Crimes, § 744.

It is unreasonable to exact of a justice of the peace the use of more technical terms in naming an offense than learned text writers and courts employ.

While it is true that many abortions might be attempted, or even procured without the commission of any crime or offense whatever, yet a certain kind of attempted abortion is a criminal offense, and punishable as such; and the recognizance requiring the principal to appear and answer unto the people for an attempt to procure an abortion, it must be under-

stood that he was charged with the criminal offense. —*Besimer v. People, supra.*

We are aware of the technical rule adopted in *Belt v. Spaulding,* 17 Ore. 130, but are not impressed with the logic of that case, and decline to follow it. Such technical exactness "would operate to discharge one-half the bonds and recognizances taken by committing magistrates. * * * We hold that all that should be required in bonds and recognizances, taken before indictment, is that they shall, in plain language, describe some offense known to our law."—*Barrera v. State,* 32 Tex. Rep. 644, 650.

Besides, the Oregon case, *Belt v. Spaulding, supra,* is easily distinguishable from this. In the statute of that state, as quoted in the opinion, neither the word "abortion" nor its synonym, "miscarriage" is used, and it is expressly stated in the opinion that crimes at common law are unknown in that state. It, however, is different with us. Our statute, as heretofore stated, employs the word "miscarriage," and by express legislative enactment, section 4184, Mills' Stats., the common law of England, as it existed March 24, 1607, so far as the same is applicable and of a general nature, was adopted. Therefore, in this state, persons may be convicted for certain common-law offenses.—§ 1471, Mills' Stats.

Abortion is an offense at common law. As said in Bishop on Statutory Crimes (3d ed.), § 744: "The causing of an abortion is an indictable misdemeanor at the common law. Therefore, a mere unsuccessful attempt to produce it is thus indictable; as where one administers to a woman a noxious thing with such intent."

And in *Mills v. Commonwealth, supra:* "It is a flagrant crime at common law to attempt to procure the miscarriage or abortion of the woman. Be-

cause it interferes with and violates the mysteries of nature in that process by which the human race is propagated and continued."

From time immemorial abortion has been a crime, and by the judicial law of Moses, if mischief followed, the act was punishable with death.— Exodus, chap. XXI, vs. 22, 23.

Under the common law and likewise our criminal procedure and practice, "abortion" is the technical and common name for a particular crime, as much so as rape or seduction are for others. The *scire facias* stated a cause of action, and the judgment will be affirmed. ·          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.