[No. 7196.]

## PRIOR V. THE PEOPLE.

1. CRIMINAL LAW—*Recognizance*—A recognizance which in describing the offense charged, follows the designation given by the statute, is sufficient, e. g., a recognizance which recites that the principal cognizor was brought before the magistrate, "upon charge of a confidence game."

2. CASES OVERRULED—*Distinguished or Explained*—*Waters v. People*, 4 Colo. App. 97, distinguished.

*Error to Denver District Court.*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. GRANT L. HUDSON, for plaintiff in error.

Henry B. McDowell was charged with the commission of the crime of confidence game by an information filed by the district attorney before C. J. Gavin, a justice of the peace. McDowell entered into a recognizance, with the plaintiff in error as surety for his appearance before the justice at a time specified, which was duly accepted and approved. This obligation recited, *inter alia,* that "The condition of the above recognizance is such, that, whereas, the above bounden Henry B. McDowell was, on the second day of April, A. D. 1909, brought before the said C. J. Gavin, justice of the peace as aforesaid, upon a charge of a confidence game, and the hearing upon said charge being this day, upon application of the said Henry B. McDowell, continued to the fifth day of April, A. D. 1909, at 9:30 o'clock of that day, and the said C. J. Gavin, justice of the peace as aforesaid, did order and require that the above bounden Henry B. McDowell give bail with good and sufficient security in the sum of five hundred dollars, for his appearance at the justice's court of the said C. J. Gavin, justice of the peace as aforesaid, conditioned according to law." The obligation then provided that if McDowell appeared as required at the time and place specified, it was to be void; otherwise, in full force and effect.

McDowell failed to appear, and the recognizance was duly forfeited. Thereafter suit was brought thereon. In the complaint the obligation was set out *haec verba.* In his answer the defendant surety denied certain allegations of the complaint, and further denied that he was indebted on the bond, for the reason that it was void and of no effect, in that it did not appear upon its face to charge the principal obligor with any criminal offense known to the law. The trial resulted in a judgment in favor of the people, to review which the surety has brought the case here for review on error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The only proposition urged by counsel for plaintiff in error is, that the recognizance is void and of no effect, for the

reason that it fails upon its face to either designate or describe any crime known to the law. When an offense is designated by statute by name, it is sufficient to so designate it in a recognizance. *Marmeduke v. People,* 45 Colo. 357. Our criminal statutes—secs. 1332-1333, Mills'—name and recognize confidence game as an offense.

*Waters v. People,* 4 C. A. 97, is not in point. In that case, the recognizance considered neither designated an offense known to the law, nor stated facts from which it appeared that a criminal offense had been committed.

The judgment of the district court is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.