## No. 11,056.

### THE PEOPLE *v.* JUNES, ET AL.

Decided March 2, 1925.

Action on criminal bail bond.   Judgment of dismissal.

### *Reversed.*

1. CRIMINAL LAW—*Bail After Conviction—Statute.*   Authority of the court to admit to bail after conviction is a common law power, and not controlled by section 7059, C. L. '21.

2. *Bail After Conviction.*   Bail after conviction is discretionary with the trial court, not a matter of right.

3. *Bail—Omission—Wrong Crime Named.*   In a recognizance given by a defendant after conviction in a criminal case, either an omission or a misdescription of the crime is not fatal to its validity.

4. *Bail—Recognizance—Elements.*   A  criminal  recognizance binds the defendant to appear, to abide the judgment of the court, and not to depart without leave of court, each of which is a distinct and independent condition, and a violation of either forfeits the bond.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. PHILIP S. VAN CISE, Mr. H. N. SALES, for the people.

Mr. H. L. LUBERS, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS was a proceeding in the district court by scire

facias on a criminal bail recognizance. The trial court sustained the joint demurrer of the principal and surety and the people, by the district attorney, brings error. The defendant Junes, principal in the bond, was convicted in the district court of a second violation of the intoxicating liquor law and was sentenced to the state penitentiary. He sued out a writ of error in the Supreme Court to review that judgment and made application for a writ of supersedeas. Pending determination thereof he was released from custody upon a bond or recognizance executed by himself and W. C. Flintham as surety, conditioned for the appearance of the defendant on a fixed day of the term of court and from day to day and from term to term thereafter and not depart the court without leave, "then and there to answer unto a certain information therein pending against the said William Junes for the crime of embezzlement." Confessedly there was a misdescription in the recognizance of the crime of which Junes had been convicted, the bond reciting that the crime was embezzlement and the information charging a violation of the intoxicating liquor law.

The sole question for decision is whether this misdescription invalidates the bond. We are quite sure that it does not. The contention of defendants' counsel is that authority for this bond is section 7059, C. L. 1921. Counsel is mistaken. This section makes it the duty of the district court, when an indictment or information has been filed, to make an order fixing the amount of bail to be endorsed on the process by the clerk, and the clerk, or the sheriff or other officer who arrests the accused, shall let him to bail upon his entering into a recognizance. The court, when it let the defendant Junes to bail, was not acting under this section. It was exercising its common law power to admit to bail after a conviction pending determination of an application for a writ of supersedeas in a writ of error sued out by the defendant to review the judgment of conviction. That the recognizance in such a case recites conditions in language similar to that required un-

der section- 7059, does not make the bond one that comes within the provisions of that section. In *Waters v. People,* 4 Colo. App. 97, 95 Pac. 56, was considered a recognizance given under an order of a justice of the peace on a preliminary examination whereby the defendant was admitted to bail for his appearance at the next term of the district court. The court held in that case, under the statute, the bond must specify or recite the charge or offense. Commenting upon this decision this Court in *Marmaduke v. People,* 45 Colo. 357, 101 Pac. 337, said: "It is sufficient if the language used imports a violation of criminal law," and in *Prior v. People,* 53 Colo. 359, 127 Pac. 141, a similar observation was made. The bonds considered in all these cases were given by virtue of a specific statute providing for bonds before trial and not, as here, after conviction, by virtue of the court's inherent power as incident to every common law court of record. 6 C. J. p. 972, Sec. 195. *Romeo v. Downer,* 69 Colo. 281, 193 Pac. 559, holds that bail after conviction is discretionary with the trial court, not matter of right.

In many cases from Louisiana, like *State v. Nicol,* 30 La. Ann. 628; *State v. Tambera,* 140 La. 412, 73 So. 250; *State v. Loeb,* 21 La. Ann. 599; *State v. Cole,* 12 La. Ann. 471; and *State v. Rushing,* 49 La. Ann. 1530, 22 So. 798, it has been held that while some early decisions were otherwise, the modern doctrine is that in such a recognizance, either an omission or a misdescription therein of the crime, is not fatal to its validity.

Briefly, the argument in support of the conclusion is that the accused bound himself not only to appear in court to answer a criminal offense but also to abide the order of court and not to depart without leave of the court and if he did depart without leave, or did not present himself to await the court's order, the bond is forfeited, even though the offense described in the bond was not the offense charged in the indictment or information, or was some other and entirely different offense. Such a recognizance binds in more than one particular; first, to appear to an-

swer, second, to abide the judgment of the court, third, not to depart without leave of the court, and each of these particulars is a distinct and independent one and a violation of either forfeits the bond. Other decisions to the same effect are: *McCoy v. State,* 37 Tex. Rep. 219; *State v. Angell,* 37 Tex. Rep. 357; *O'Brien v. People,* 41 Ill. 456; *Mooney v. People,* 81 Ill. 134; *People v. Meacham,* 74 Ill. 292, in which the learned Justice Breese, among other things, said: "It was of no importance what the offense charged against the principal may have been, if it was bailable. The only important question is, did the cognizor undertake his principal would appear and answer to the charge." In the Mooney Case it was said that the objection to a recognizance on the ground that it recited the finding of an indictment for larceny when, in fact, it was for burglary was immaterial as either offense was bailable and as the recognizance also bound the defendant to abide the order and judgment of the court and not depart without leave, these conditions required the accused to appear and answer any other charge that might be preferred. See also: *State v. Livingston,* 117 Mo. 627, 23 S. W. 766; *State v. Stout,* 11 N. J. Law 124; *Commonwealth v. Teevens,* 143 Mass. 210, 9 N. E. 524; 58 Am. Rep. 131; *State v. Boehm,* 184 Mo. 201, 83 S. W. 477; *People v. Gillman,* 125 N. Y. 372, 26 N. E. 469.

Nothing was decided in the Waters, Marmaduke or Prior cases, supra, against our conclusion. They were decisions on bonds required by a justice of the peace on a preliminary examination. In *Van Gilder v. People,* 75 Colo. 515, 227 Pac. 386, the decision was that where one condition of a recognizance is broken, other conditions might be regarded as surplusage, citing previous decisions of the Court. See also *Darrow v. People,* 67 Colo. 595, 597, 189 Pac. 32. So here. This bond was broken by the failure of the principal Junes, in that he departed the court without leave and was not present to abide any order the court might make. Therefore, the misdescription of the crime in the bond was of no material importance and may be disregarded.

The judgment is therefore reversed, and the cause remanded with instructions to the district court to set aside its judgment and enter a judgment on the bond against both defendants.