## THE STATE *v.* COLE and WILLIAMS—JOHN A. BURK, Security.

Even after a motion to dismiss an appeal has been filed, the certificate of the Clerk of the lower court to the transcript may be amended.

The Act of 20th March, 1839, §19, enlarged the discretionary power of the Supreme Court contained in Art. 898 C. P., and made it imperative, not to dismiss appeals for clerical errors not attributable to the appellant.

In a bond requiring the accused to appear "when notified," when the Sheriff returns that he could not find the accused after diligent search, and his surety, who was personally notified in time, failed to produce him as he bound himself to do, this was sufficient to put the parties in default, and the bond was properly forfeited against both principal and surety.

An objection that the bond only required the accused to appear and answer the charge of robbery, whereas an information was filed against him for the crime of larceny alone, is sufficiently answered by the fact that the accused bound himself, not only to appear at court to answer that specific charge, but also not to depart thence without leave of the court first obtained.

APPEAL from the First District Court of New Orleans, *Robertson*, J. *M. A. Foute*, for the State. *A. P. Field* and *E. Wooldridge*, for defendants and appellants.

SPOFFORD, J. This appeal was taken by the surety on a forfeited appearance bond.

STATE
v.
COLE.

The Attorney General has moved to dismiss the appeal.

The only ground urged in support of this motion, is that the record contains no bill of exceptions nor statement of facts, and no assignment of errors has been filed.

But the appellant has produced a corrected certificate by the Clerk of the District Court, showing that all the evidence adduced on the trial is contained in the transcript. The Attorney General suggests that the certificate of the Clerk cannot be amended in this particular after a motion to dismiss has been filed. But the Code of Practice declares the contrary : " If, *at the time of argument* or before, the appellant perceives that the copy of the record is incomplete, either through mistakes or omissions, or from the Clerk having failed to certify the copy *as containing all the testimony produced in the cause*, or from any similar irregularities not arising from any act of the appellant, the court may grant him a reasonable time to correct such errors or omissions, during which time judgment on the appeal shall be suspended." C. P. 898. The Act of 20th March, 1839, § 19, enlarged this discretionary power of the Supreme Court, and made it imperative not to dismiss appeals for clerical errors not attributable to the appellant.

The motion to dismiss is therefore overruled.

The accused was arrested and brought before one of the city Recorders, upon an affidavit charging him in substance with being party to a robbery and larceny. The affidavit being submitted to the Judge of the First District Court of New Orleans, he endorsed thereupon an order authorizing the accused to be admitted to bail, on giving security in the sum of $800, to the satisfaction of the Recorder.

Thereupon he gave a bond with the appellant as his surety, which was accepted by the Recorder, and was discharged. This bond was conditioned for his appearance before the First District Court of New Orleans, "to answer to the complaints brought against him for robbery, and not to depart thence without leave of said court."

The bond required the accused to appear "when notified." Upon the day fixed, he did not appear, and the bond was duly forfeited against both principal and surety.

The appellant objects that the notice of trial was not served at the domicil of the accused, as indicated on the bond which was signed some months before the appearance day. But the Sheriff returns that he could not find the accused after diligent search, and his surety, who was personally notified in time, failed to produce him as he bound himself to do. This was sufficient to put the parties in default.

A clerical error in the date of the notice made out by the Clerk, is of no consequence. The date of the return was anterior to the day fixed for the party's appearance.

It is also objected that the bond only required the accused to appear and answer the charge of robbery, whereas an information was filed against him for the crime of larceny alone.

It is a sufficient answer to this objection, that the accused bound himself not only to appear at court to answer that specific charge, but also not to depart thence without leave of the court first obtained. Having departed without leave, his bond was justly forfeited under the authority of the case of *The State* v. *Ridding*, 8 An. 79. See also 1 Chitty's Crim. Law, p. 105.

It is admitted by the appellant, in his motion for a new trial, that the bail bond was executed before *George Y. Bright*, the committing magistrate, who, as we have seen, was authorized by the District Judge to take it. In the lower court he treated the bond as filed.

We do not think that the appellant can now avail himself of an objection that the bond was not *endorsed* as filed of record. It forms a part of the record.

Judgment affirmed.