No. 12,102.

THE STATE OF LOUISIANA VS. IRVIN ARLEDGE ET ALS. AND A. M. POSEY, SURETY.

The surety on an appearance bond is not released from liability because of the inexact language in the bond describing the offence, least of all when it contains the condition the accused will not depart the court without leave. 13 An. 268; 40 An. 722.

APPEAL from the Eighth Judicial District Court for the Parish of Catahoula. *Dagg, J.*

*M. J. Cunningham* Attorney General, and *D. N. Thomas*, District Attorney, for Plaintiff, Appellant:

Justices of the Peace have power to bail or discharge in criminal cases not capital or necessarily punishable at hard labor. Const. 1879, Art. 126; 44 An. 906.

Where a Justice of the Peace takes a bond in a case in which he is authorized to act, there is no necessity that an order should have been made fixing the amount of the bond and authorizing its acceptance. 44 An. 906.

The sureties on a bond which was given for and procured the release of a prisoner charged with a criminal offence can not gainsay its regularity, or the regularity of the proceedings in which it was allowed. 31 An. 628; 16 An. 141; 13 An. 298; 40 An. 719.

There is not required in a bail bond the same accurate verbal statement of an offence that is required in an indictment. 30 An. 852.

Where the accused is bound not only to appear at court to answer a specific charge, but also not to depart thence without leave of the court, the bond, if violated, can be forfeited and the securities held to its payment. 12 An. 471; 21 An. 599; 30 An. 852; 13 An. 298.

State vs. Arledge et als.

The obligations of sureties on a bail bond are not affected by the fact that the indictment was found for an offence of a higher grade than t hat expressed in the bond, and which higher grade includes the lower. 30 An. 852.

---

*R. E. Milling, L. A. Thompson* and *W. C. Roberts* for Defendants, Appellees:

An appearance bond taken by a person without authority is null. 6 An. 700; 12 An. 224; 10 An. 532; State vs. Bloize, 38 An. 542.

An appearance bond taken by a Justice of the Peace for one when there is no criminal charge pending in his court against the party is a bond taken without authority, and is also null. State vs. Williams, 37 An. 200.

A bond given to release the accused can not be forfeited, if it defines no crime known to law, of which the accused stands charged. State vs. Gibson, 23 An. 698; State vs. Sypher, 19 An. 71; State vs. Wooton, 4 An. 515; State vs. Smith, 8 An. 471; State vs. Ridgley, 10 An. 302.

A bond which binds an accused to appear and answer to the charge of " having in the said parish between September 1, 1895, and January 1, 1896, did take and conceal, or did take, carry away and conceal from J. I. Holmes, merchandise and money of the value of $75," etc., describes no offence known to the laws of Louisiana.

---

Argued and submitted April 11, 1896.
Opinion handed down April 20, 1896.

---

The opinion of the court was delivered by

MILLER, J. This appeal is by the State from the judgment setting aside the forfeiture adjudged against the surety on the bond of the accused to secure his appearance before the District Court to answer for the charge of taking, carrying away and concealing from J. H. merchandise of specified value, the bond conditioned also that the accused would not depart the court without leave.

The bond was given to discharge the accused from arrest on the warrant of the magistrate. At the ensuing term of

the District Court, the accused was indicted for larceny and burglary and failed to appear. The surety resists the demand on the ground the bond sets forth no offence known to the law.

It was, we presume, the intention to bind the accused and his surety for the appearance of the accused to answer the charge of larceny. The bond surely fails in describing that or any other offence. Of course, it will not be maintained the affidavit on which the magistrate issues his warrant or the appearance bond he exacts shall be framed with the precision of indictments, and it seems to us that the defence of a surety whose bond has obtained the discharge of the accused should be sparingly admitted when based on the inexact frame of the bond. The surety knew there was a charge pending which would come before the grand jury, and the surety also knew the object of the bond was to secure the appearance of the accused to answer the indictment that might be preferred. The bond, besides undertaking to prescribe the offence, plainly expressed the obligation that the accused would appear before the court and not depart without its leave. This part of the bond, at least, must have its effect. There is a line of decisions that bonds taken without legal authority create no obligation. State vs. Gilbert, 10 An. 532; State vs. Williams, 37 An. 200; State vs. Longineau, 6 An. 700. No question of that kind can arise in reference to the bond received by the magistrate. Constitution, Art. 179; R. S., Sec. 1010. We think, too, that while there have been decisions holding the surety discharged by defects in describing the offence, the reason and tendency of at least some of the authorities is to preclude such objections. State vs. Hendricks, 40 An. 722; State vs. Ansley, 13 An. 298. In our view the surety can not be allowed to escape liability in this case for the inexact language of the bond, especially as it contained the condition the accused would not depart without leave.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and it is further ordered, adjudged and decreed that the State of Louisiana do recover from Charles Arledge and A. M. Posey, *in solido*, the sum of two hundred dollars, with legal interest, and that the costs be paid by the appellees.