LAND, J-.
On September 29, 1913, an information was filed against the relator for unlawfully retailing spirituous liquors without a license. She was arrested the next day, and immediately applied to the district judge for a preliminary examination. The request was refused, and relator at once applied to this court for a writ of mandamus to compel the respondent judge to grant her a preliminary examination.
The return of the judge is, in substance, that the relator was arrested under an information, and made no request for the fixing of appearance bond, but demanded a preliminary examination, which was refused.
The respondent judge gives the following reasons for his action:
“That if every person charged with crime by indictment or information has the right to demand a preliminary trial, this court will have no time for its ordinary business. The court has now convened and applicant can secure an early trial.”
Section 1010 of the Revised Statutes of 1870, in case of an arrest under a warrant issued on the oath of one or more credible witnesses provides for an examination before a competent judge or magistrate, as the case may be, and for the commitment of the accused, or his release on bail, if it should appear from the testimony of the witnesses that some crime or misdemeanor has been committed by the accused. We know of no statute that provides for such an examination after an indictment or information has Been filed. In the case at bar, the accused represents that she cannot give bail in any sum, but is innocent, and desires an examination for the purpose of proving that she is not guilty of the offense charged in the information.
The question of the guilt or innocence of the accused will come up in regular order and in due season on the trial of the information. The accused is not entitled to a preliminary trial of this question at this stage of the proceedings.
It is therefore ordered that the alternative writ herein issued be recalled, and that the application of relator for a mandamus be dismissed.