. LAND, J.
Vincent Tambera, charged with’ unlawfully keeping a public nuisance commonly called a blind tiger, was arrested, and admitted to bail in the sum of $500.00, on *413 order of Judge T. F. Bell of the First judicial district court in and for the parish of Caddo.
The bond was executed by the said accused with relator as surety.
Subsequently an information was filed against the accused, charging that he “did unlawfully keep a blind tiger at 1423 Texas avenue, Shreveport, Caddo parish, La., in which said parish the sale of intoxicating liquor is prohibited, by then and there keeping intoxicating liquor for sale, barter, exchange, or habitually giving away as a beverage.”
In due course the said defendant was called in court to answer said charge, and, failing so to do, and the surety failing to produce the said defendant after proper call, a judgment of forfeiture was entered on said bail bond against the said defendant and his said surety.
Eight days later the relator, surety, appeared and filed a motion to set aside said forfeiture on six different grounds substantially as follows:
First. That said bond was not binding on the surety.
Second. That said bond described or pretended to describe an offense with which the defendant was not charged.
Third. That in said bond no offense known to the laws of Louisiana is described, and no order was ever given for the bond filed.
Fourth. That said bond fixed no certain date for the appearance of the said defendant.
Fifth. That said defendant was not called to answer the charge set out in said bond, nor the surety to produce him.
Sixth. That said bond was not given according to section 1010 of the Revised Statutes.
The district judge refused to grant relator’s motion to set aside the forfeiture of the bond for reasons assigned in his written opinion, on file.
The foregoing is a condensed statement of the facts alleged in relator’s petition to this court.
Among the recitals of the bond are the following:
“Whereas a charge has been made against the above-named Vincent Tambera, by the state of Louisiana for the crime of retailing liquor without a license, on wlpeh charge the said Vincent Tambera has been arrested by the sheriff of the parish of Caddo.”
The condition of the bond is for the appearance of the accused in the district court, “to answer the charge exhibited against him as aforesaid.” The bond also contained the usual condition, “not to depart.”
[1] The reasons assigned by the judge a quo for overruling the surety’s motion to set aside the forfeiture of the bond read as follows:
“Taking up the fourth ground, we find mover’s position to be based on R. S. § 1010, and the case of State v. Brusle, 34 La. Ann. 62. It is the contention of mover that a bond given prior to indictment or information must have a fixed date for the appearance of a defendant, and the present bond having no fixed date, but merely from term to term and day to day, is not given in accordance with law, and void.
“R. S-. § 1010, refers to a bond given after a preliminary examination, and the time fixed under same is the next term of court, after which time the bond becomes void.
“The cited case makes this plain, and draws a distinction between such a bond and one given after indictment or information.
“We do not think that the present bond is governed by either the cited case or R. S. § 1010. The only bond authorized by this section is one given after a preliminary examination, the purpose of which is to hold the accused until the grand jury acts upon his case, or the district attorney files an information.
“Under the Constitution every offense except where it be capital is bailable.
“We find nothing in the Revised Statutes concerning such a bond as this one given without a preliminary examination, and its term is not governed by section 1010, or the cited ease.
“If the bond did not contain the condition ‘not to depart the court,’ then we think that the points made by mover would be good, but where a bond contains such a provision, it makes no difference whether the bond sets forth a crime or not, or whether the bond covers the crime charged or not. Such a provision covers such defects as urged here, as shown by the following cases. State v. Cole, 12 La. Ann. 472; State v. Arledge, 48 La. Ann. 774, 19 South. *415 761; Same v. Ruthing, 49 La. Ann. 909, 22 South. 199, and cases cited therein. But counsel contend that these cases have been practically overruled in the case of State v. Boasberg, 124 La. 289, 50 South. 162, but we fail to so read the case, or to see where it has anything to do with the present case.”
[3] It is true that R. S. § 1010, contemplates the fixing of the amount of the bail bond after a preliminary examination, but the person arrested, who executes such a bond in the sum fixed by the judge in the order for arrest, waives a preliminary examination, and the privilege of making a voluntary statement.
The minutes of the court show that on July 11,1916, the district attorney, with leave of the court, filed an information against the defendant for keeping a blind tiger, and that on July 14, 1916, he appeared at the bar, and waived arraignment and pleaded hot guilty; and-on July 20, 1916, the defendant being called at the door according to law to come into court for trial, and, failing to appear, his bond was forfeited.
Relator’s counsel in the brief argue that defendant’s said appearance and plea of not guilty to the information satisfied the appearance bond.
Such a construction is not admissible because it would nullify the force and effect of appearance bonds given pursuant to R. S. § 1010.
R. S. § 1032, relative to the forfeiture of bonds in criminal cases provides for the call of the accused and his surety.
R. S. § 1033, reads in part as follows:
“The appearance and answer of any defendant or party accused, upon call made as provided for in the preceding section shall not operate as a discharge or release of any surety from his responsibility and no such surety shall be discharged or released from his responsibility until the final trial and conviction or acquittal of such defendant or party accused.”
The bond given in this case was conditioned for the personal appearance of the defendant in the district court from day to day, and from term to term to answer the charge and not to depart the court without leave first had been obtained.
This condition was violated by the nonappearance of the defendant on the day fixed for his trial.
[2] The next and only serious question in the case is whether the misdescription of the offense in the bond nullified its effect as to the real offense, correctly set forth in the affidavit and warrant.
This question must be answered in the negative,- under the settled jurisprudence of the state, as set forth in Marr’s Criminal Jurisprudence of Louisiana, § 207, as follows:
“The doctrine, once prevailing, that a bond for the appearance of an accused to answer to a specific charge, which is not a punishable offense, or a, bond which does not describe the offense committed, is not sufficient foundation for a valid obligation, notwithstanding the condition, ‘nor to depart without leave of court first obtained’ may be now considered overruled. .
“The present doctrine is based upon the theory that effect must be given to the obligation ‘not to depart,’ and hence although the indictment may be defective, or the offense not sufficiently set forth in the bond, the sureties must be held to have known that they were signing a bond for the appearance of the accused, and cannot be allowed to escape liability by reason of inexact language used in describing the offense,when the bond in which it is used has procured the discharge of the accused.
“When the condition is ‘not to depart,’ it is sufficient if the bond, though with some surplus-age, charge an indictable offense, or set out substantially, though not technically, an offense, or even though it fails utterly to describe an offense ; and it is immaterial, when the condition is ‘not to depart,’ that the indictment actually found is for an offense of a higher grade than that described in the bond, but including it, nor is it of any moment that whether the offense in the bond does or does not include that in the indictment.”
In support of the last proposition, Judge Marr cited State v. Loeb, 21 La. Ann. 599; State v. Ansley, 13 La. Ann. 298; State v. Cole, 12 La. Ann. 471.
The case of State v. Simpson, 122 La. 309, 47 South. 622, has no application. There the bond was not taken under the affidavit and order, but was taken with reference to a different charge subsequently made by bill of information, without further order of court.
*417 The judgment below Is correct, and therefore the restraining order herein is set aside, and relator’s application is dismissed, with costs.