THOMPSON, J.
The defendant, Mrs. Catherine Bertrucci, was arrested and confined in the parish jail for three months under an affidavit charging her with the murder of her husband. The grand jury investigated the charge, and found not a true bill, and the accused was released from custody.
Some weeks thereafter an affidavit was made by the brother of the deceased, charging Mrs. Bertrucci with the crime of manslaughter. On this affidavit the district attorney filed an information, and on a warrant issued under the information the accused was again arrested. She was released, however, on a bond for |1,500. Later an application was presented by the attorney for Mrs. Bertrucci to the respondent judge for a preliminary examination, which was ordered fixed for January 28, 1924.
On the day fixed the district attorney, joined by special counsel employed, moved the court to recall the order fixing the hearing on several grounds which it is not necessary here to mention. The counsel for Mrs.' Bertrucci on behalf of her bondsmen surrendered the accused, and asked to have her bond canceled, and aj; the same time asked the court either to reduce the bond as fixed in the original order Or to grant the defendant a preliminary hearing. The court granted the examination for the following reasons as stated in the judge’s return:
“The court being of the opinion, in view of all the circumstances that a hardship might be imposed upon the accused because of the amount of the bond, and believing that a preliminary hearing would be in the ends of justice and perhaps prevent the use of the criminal machinery’ of the court for the infliction of injury, decided to hear the evidence upon which the accused was being held and so ordered the preliminary hearing.”
It may be stated that in the application made by the accused for a preliminary examination it was alleged as a reason therefor *1084 "that the accused was being held up to ignominy because of the charge pending against her, and that she is interested in a life insurance policy upon the life of the deceased, and that these funds are being withheld from her because of the existence of the charge.”
It is urged by the relator that the only objects of a preliminary examination are to perpetuate testimony; to inquire touching the commission of crime and the accused’s connection with it; and! to determine the amount of bond under B. S. 1010.
It is further contended that the accused is not entitled to a preliminary examination, and if she was she waived such right by the giving of bond for her appearance. All of which may be conceded, imd still it does not answer the question to be determined—which is the power and authority and jurisdiction of the respondent judge to hold the examination.
As a matter of right an accused party after indictment or information cannot demand a preliminary hearing, and a mandamus to that end will be refused. State v. Mates, 133 La. 714, 63 South. 294.
And an accused who voluntarily executes a, bond for his appearance to answer a crime may by that act waive his right to demand a preliminary hearing. State v. Tambera, 140 La. 412, 73 South. 250.
But by reason of the want of right in an accused to demand an examination or of the waiver of such right, it does not follow that a district judge is stripped of his jurisdiction and judicial discretion to, hold such an examination. The Constitution, § 35, art. 7, invests the district courts throughout the state with unlimited and exclusive original jurisdiction in all criminal cases, except such as may be vested in other courts authorized by this Constitution.
Act 71 of 1918 vests jurisdiction in the district judges over any person or persons arrested for any crime, misdemeanor, or offense within their respective jurisdictions from the moment said person is arrested and taken into custody by any officer authorized to make arrests, and the several judges are given full power and authority to release on bail, or, in their discretion, parole or release said persons so arrested over whom they have jurisdiction.
There appears to be nothing in the foregoing statute, nor in any other law that we have been able to find, that limits the authority granted the judges to cases arising or prosecutions inauguratéd prior to indictment or information. The authority does not stop at the indictment of the grand jury or on the information of the district attorney, but exists from the very moment a party is arrested, and continues until the charge is finally disposed of.
As a matter of course the exercise by the judge of the power conferred, and his action after an indictment or information, is not binding on the district attorney, and would not preclude him from continuing the prosecution any more than the action of the judge before the indictment or information would bind that officer or the grand jury.
Our conclusion is that the respondent judge in the instant case in directing a preliminary examination has not exceeded the jurisdiction nor abused the judicial discretion vested in him, and that his action does not require this court in the exercise of its supervisory jurisdiction permanently to restrain him from holding the preliminary investigation as contemplated.
It is not to be understood from what we have said that the discretion of the district judges in the exercise of the authority vested in them in such matters is to be regarded as unlimited and not subject to review and control. Cases may arise in which an arbitrary exercise and abuse of the discretion is so manifest and gross as to call for *1086 intervention of this court. Such a ease is not presented here.
It is therefore ordered that the preliminary writ herein issued be recalled, and the present application dismissed.
OVERTON and LAND, JJ„ dissent.
Rehearing refused by the WHOLE COURT.